460 P.2d 259 (1969)
90 N.M. 729
STATE of New Mexico, Plaintiff-Appellee,
v.
Thomas Jefferson RHODES, Defendant-Appellant.
No. 298.
Court of Appeals of New Mexico.
August 1, 1969.
Rehearing Denied October 8, 1969.
Theodore R. Johnson, Williams, Johnson, Houston & Reagan, Hobbs, for appellant.
James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Larry N. Smith, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

OPINION
HENDLEY, Judge.
Defendant, by pre-trial and trial motion, sought to suppress the introduction into evidence of thirty-one marijuana cigarettes on the grounds that defendant's arrest was without probable cause and, therefore, the subsequent search and seizure illegal. The trial court denied the motions and defendant was subsequently convicted of Count I for the sale or delivery of marijuana and of Count II for the possession of marijuana.
Officer David Kennedy, Jr., an undercover agent, gave money to one French to purchase marijuana cigarettes. They went to defendant's home and French went into the house alone. He shortly emerged with three marijuana cigarettes. The undercover agent did not know who lived at the house and French did not disclose the name of his supplier. The undercover agent told Lt. Fowler of the "buy." Lt. Fowler, knowing defendant lived at the house, filed a complaint and obtained an arrest warrant for defendant. Accompanied by Officer Chevey, Lt. Fowler went to defendant's home, placed defendant under arrest and conducted a search of the premises. Officer Chevey observed a dark spot "in the bowl of the light fixture in the living room." He removed the bowl and found what subsequently proved to be thirty-one marijuana cigarettes. The arrest warrant, for reasons immaterial to this appeal, was invalid.
*260 Defendant does not contest the validity of the conviction under Count I but bases his appeal on the ground that "the search of his premises at the time of his arrest was illegal and that the fruit of such search was inadmissible" primarily because he believed his arrest was illegal. The main thrust of this argument is that there was no probable cause for his arrest. We base our decision, however, directly on the constitutionality of the search and seizure. Without deciding the issue, we proceed under the hypothesis that there was probable cause for arrest.
This warrantless search and seizure is controlled by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) wherein the court stated:
"* * * When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area `within his immediate control'  construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."
Accordingly, since the search was outside of the "area of defendant's immediate control," as construed in the Chimel case, the seizure was illegal. Defendant's motion to suppress should have been granted.
The judgment and sentence are reversed as to Count II, and affirmed as to Count I.
It is so ordered.
SPIESS, C.J., and OMAN, J., concur.