527 P.2d 1221

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jake B. AVILA, Defendant-Appellant.**

**No. 1449.**

Court of Appeals of New Mexico.

Oct. 16, 1974.

C. Fincher Neal, Neal & Neal, Hobbs, for defendant-appellant.

David L. Norvell, Atty. Gen., Ira S. Robinson, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

The defendant was tried and convicted by a jury for possession with intent to distribute heroin contrary to § 54–11–20, subd. A(3), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1973). After judgment and sentence the defendant appeals. We reverse.

Defendant raises three points for reversal, of which one, failure to have the Miranda warnings properly given by the police prior to custodial interrogation is dispositive of the appeal.

On the morning of June 24, 1973, six officers from the Lea County Sheriff's Office went to the defendant's home with a search warrant. Captain Rhodes found a small plastic bag which contained heroin. The defendant was handcuffed and set down. Thirty minutes went by and, in response to the observation of one of the officers that the evidence seized was "quite a bit of junk," the defendant replied, "Yeah, I'm shooting five grams a day." Later he was advised by Captain Patterson of his rights in the following terms:

" ' . . . Now, Jake, you know what your rights are. And, the best thing you can do now is to not make any statement, because I'll . have to repeat in Court. We have been over this before, you know what your rights are. Anything you don't want me to repeat, don't even tell me.' . . . "

In answer to this the defendant said:

" ' . . . No, you have shot square with me so far, never hassled me or anything.' He said, 'That's the way it is, I've got to have it. I've got to have some relief.' . . . "

Captain Patterson made the remark that too many kids have been put on heroin. The defendant responded, "No, I won't sell to a kid." Captain Patterson replied: "No, but they will sell it again and sell it to a child." To this, the defendant replied: "With a habit as big as mine, I have been shooting for twenty-two years. You can't make it unless you sell."

The defendant made no objection at the time of the admission of his incriminating statements before the jury. However, the lack of Miranda warnings was raised at the close of the evidence.

The State claims that the defendant was adequately advised of his rights and that the statements were voluntary. The issue is not the voluntariness of the statements, but whether or not the Miranda warnings were given and explained to the defendant by the State officers before incriminating statements were made by the defendant.

We restate the Miranda warnings as announced by the Supreme Court in Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966):

> " . . . Procedural safeguards must be employed to protect the privilege, [against self-incrimination] and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored, the following measures are required. He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. . . ."

These procedural safeguards provide "practical reinforcement for the right against compulsory self-incrimination." Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). We hold that the statement made by Captain Patterson to the defendant does not comply with the requirements of Miranda, supra.

Statements taken in violation of the Miranda principles may not be used to prove the prosecution's case at trial. State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct. App.1969). We hold that the statements of the defendant which were incriminating were made without benefit of the Miranda warnings and, as such, were admitted in error. Michigan v. Tucker, supra; Miranda v. Arizona, supra; Orozco v. Texas, 394 U.S. 324, 22 L.Ed.2d 311, 89 S.Ct. 1095 (1969).

Accordingly, the judgment and the sentence of the trial court are reversed and the cause is remanded for a new trial with proceedings consistent with this opinion.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.