583 P.2d 480

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Dennis WHEELER, Defendant-Appellee.**

**No. 3573.**

Court of Appeals of New Mexico.

Aug. 15, 1978.

Toney Anaya, Atty. Gen., Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Robin C. Blair, Raton, for defendant-appellee.

OPINION

HENDLEY, Judge.

Defendant was charged with assault with intent to commit a violent felony—robbery—contrary to § 40A–3–3, N.M.S.A.1953 (2d Repl.Vol. 6, 1972); two counts of kidnapping contrary to § 40A–4–1, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972, Supp.1975) and the unlawful taking of a motor vehicle contrary to § 64–9–4, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972, Supp.1975). He filed a motion to suppress a statement given to police and the physical evidence—a knife and a gun. The motion was granted and the state appeals. We reverse as to the

knife and affirm as to the statement and gun.

Defendant was in an apartment when the police arrived to arrest a co-defendant. Defendant opened the door and the officers told him they had an arrest warrant for Gallegos. Defendant let the officers in the apartment. The officers told defendant that the Springer authorities wanted to talk to him about the crime for which Gallegos was being arrested. A knife and gun had been used in the crime.

Defendant was asked to get dressed and one officer followed him into the bedroom where he saw a knife lying on top of the dresser. The officer seized the knife "more or less for my own safety." Defendant was asked if he owned a gun. Defendant said he did and "he walked into the kitchen part of the apartment and picked up the handgun and handed it to Joe—Sergeant Ulibarri."

It is undisputed that defendant was not given his *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966) rights prior to the time he was asked about owning a gun. It is also undisputed that defendant was not free to go. He was being detained since he fit the general description of Gallegos' companion. *State v. Lewis*, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969).

### The Knife

 Defendant asserts that since he was not free to leave the apartment that he was under arrest and that the arrest was illegal. We disagree.

Defendant was known as a constant companion of Gallegos and fit the general description of the second person involved in the Springer crimes. Under these circumstances the detention of defendant was appropriate. *State v. Lewis*, supra.

By virtue of the arrest warrant the officers were legally on the premises. Defendant's detention was proper. When defendant went to dress the officer saw the knife in plain view. *State v. Miller*, 80 N.M. 227, 453 P.2d 590 (Ct.App.1969). The officer could properly seize the knife for his own protection. *Chimel v. California*, 395 U.S.

752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). See *State v. Rhodes*, 80 N.M. 729, 460 P.2d 259 (Ct.App.1969); *Rodriquez v. State*, 91 N.M. 126, 580 P.2d 126 (Sup.Ct.) filed June 6, 1978.

The motion to suppress the knife should have been denied.

### The Statement and the Gun

 The warnings dictated by *Miranda v. Arizona*, supra, are to be given when custodial interrogations are "initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." When an investigation has focused on the accused he is entitled to the *Miranda* safeguards.

 According to the officer's testimony it was known that a gun was used in the Springer crimes. The officer also stated that defendant fit the general description of one of the suspects. Because of this it cannot seriously be challenged that the investigation had focused on defendant. Defendant was being detained for investigation when he was asked about owning a gun.

Absent the *Miranda* warnings the affirmative response in answer to the question of whether defendant owned a gun was properly suppressed. *Orozco v. Texas*, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969); *State v. Avila*, 86 N.M. 783, 527 P.2d 1221 (Ct.App.1974). Accordingly, the gun delivered to the officers as a result of the improper question was also properly suppressed as fruits of the poison tree. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The motion to suppress the statement and gun was properly granted. The suppression of the knife is reversed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.