433 P.2d 757

The CITY OF ROSWELL, New Mexico,
Plaintiff-Appellee,

v.

Len MAYER, Defendant-Appellant.

No. 8134.

Supreme Court of New Mexico.

Nov. 6, 1967.

Osborn & Laughlin, Roswell, for appellant.

James B. Stapp, Roswell, for appellee.

OPINION

GALLEGOS, District Judge.

The appellant was tried, found guilty and fined in the municipal court of Roswell, New Mexico, on a charge of driving a motor vehicle on the streets of Roswell while under the influence of intoxicating

liquor, in violation of an ordinance of the city. He appealed to the district court of Chaves County where he was tried de novo, found guilty, fined and ordered to surrender his driver's license. He then appealed to this court.

The facts, briefly stated, are as follows. On July 20, 1965, a Mr. Charles Starks observed the appellant approaching him, driving a new Cadillac automobile on a Roswell street. Although the day was dry and clear, the windshield wipers of the Cadillac were going and the driver's head was slumped over on the steering wheel. Starks turned back and followed the Cadillac which was then going nearly 70 miles per hour, according to this witness, and the Cadillac ran off the shoulder of the road a couple of times and crossed the center line as he pulled back into the road.

Starks saw a city policeman in a police car and told the officer what he had observed and pointed the Cadillac out to the officer, who took pursuit of the Cadillac and, after being followed by the police car, the appellant drove to a parking lot and stopped. The policeman testified that when he was following the Cadillac he observed that it swerved and the policeman further testified that, when the appellant stopped at the parking lot, he walked to him and appellant appeared to be intoxicated. When asked by the officer how much he had, appellant said, "I have had too much. I have just closed a half million dollar deal and I have been out celebrating a little bit."

Appellant was asked to go to the police station, which he did. This officer further testified that at the station he smelled an odor of some intoxicant on appellant and that appellant was very unsteady on his feet and staggered a little when he walked. Two other policemen at the station testified that they smelled an odor of an intoxicant on appellant's breath and that he was unsteady on his feet.

The appellant admitted at the trial having consumed between five and six bottles of beer during lunch and sometime soon before the officer contacted him, but tended to excuse the manner of his driving on the fact that he had just borrowed the new Cadillac and had never driven such a car before, having had the Cadillac loaned to him by a car dealer who was servicing appellant's wife's car in the meantime.

Two witnesses for appellant, one who saw him about an hour after appellant had gone to the police station with the policeman, and the other one who saw him about two hours after that time, testified that appellant, in their opinion, was not under the influence of intoxicating liquor. The record does not show that appellant was placed in jail and the record shows that he was permitted to go with a friend of his.

The appellant raises three points on appeal: (1) That he was denied due process of law and that his civil and constitutional rights were violated, in that he was searched and arrested by a police officer acting without a warrant; (2) that appellant's conviction was based upon evidence obtained as the product of an unlawful arrest and unlawful search; and (3) that the evidence is insufficient to show, beyond a reasonable doubt, that appellant's ability to operate a motor vehicle was in anywise impaired or affected by his consumption of alcoholic or intoxicating beverages.

This court has held that a warrant is not necessary for a lawful arrest if the crime is committed in the presence of the arresting officer. Cave v. Cooley, 48 N.M. 478, 152 P.2d 886. In that case, this court quoted with approval the following from State ex rel. Verdis v. Fidelity & Casualty Co. of New York, 120 W.Va. 593, 199 S.E. 884, 887:

> " 'A crime is committed in the presence of an officer when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case.' "

In Garske v. United States, (8th Cir. 1924), 1 F.2d 620, 622, that court said:

"It is the well-established doctrine now throughout the United States that for a crime, which they have probable cause to believe is being committed in their presence, though it be a misdemeanor, duly authorized peace officers may make arrest without a warrant. * * *"

■ It is obvious that the facts and circumstances which occurred in this case, within the observation of the arresting officer, gave him probable cause to believe that a crime, of the grade of a misdemeanor, was being committed in his presence.

As to point two of appellant's contentions, he claims that the conviction was based upon evidence obtained by unlawful search, that the arresting officer made a "search" of appellant by observing his person, by using his sense of smell and interrogating appellant.

In this connection, the facts are briefly, that the officer walked to the appellant's car, after it had stopped; the officer observed that appellant appeared intoxicated and when asked how much he had to drink, appellant said, "I have had too much."

■ These circumstances do not amount to unlawful search, particularly when a lawful arrest was made, as we have stated. State v. Deltenre, 77 N.M. 497, 424 P.2d 782. The police have a right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons, or for the fruits of or implements used to commit a crime. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; State v. Herring, 77 N.M. 232, 421 P.2d 767.

■ Under point three, appellant argues that the evidence is insufficient to show, beyond a reasonable doubt, that appellant's ability to operate a motor vehicle was in anywise impaired or affected by his consumption of intoxicating beverages.

The fact that the evidence is conflicting as to whether the defendant was intoxicated and to what extent, or even that evidence on behalf of appellant might support a different finding than that arrived at by the trial court is not persuasive and does not warrant a reversal, so long as there is sufficient and substantial evidence to support the judgment of the trial court the case will not be reversed. State v. Truelock, 70 N.M. 389, 374 P.2d 141.

In the present case, there is ample and sufficient, direct evidence to support the trial court's conclusion that the defendant is guilty of the charge made against him. The conviction did not result solely from circumstantial evidence.

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.