454 P.2d 360

STATE of New Mexico, Plaintiff-Appellee,

v.

Gwynn Walter LEWIS, Defendant-Appellant.

No. 260.

Court of Appeals of New Mexico.

April 18, 1969.

Norman E. Runyan, Tucumcari, for appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant appeals his conviction for unlawful possession of marijuana. Section 54-7-13, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2). He asserts: (1) he was illegally arrested, (2) the application for a search warrant was defective and (3) his in-custody statement was obtained in absence of counsel.

*Asserted illegal arrest.*

Two State Police Officers were investigating an accident east of San Jon. Defendant, driving an automobile in a circumspect manner, was passing the accident scene. One of the officers waved defendant to the side of the road. The officer did so because the numbers on the license plate indicated the car driven by defendant was a rented vehicle.

The officer checked defendant's authority to possess and drive the car. Defendant produced an agreement indicating the car had been rented to a Mr. Katzoff and a card indicating Katzoff had given defendant permission to drive the car. However, the dates on the rental agreement had been altered.

The evidence is in conflict as to whether the officer asked or told defendant to wait and as to whether the officer took the keys to the automobile that defendant had been driving. The record is clear that defendant and the car were detained at this point.

There is a conflict as to how long defendant waited at the accident scene. However, the record is clear that the wait lasted only so long as the officers were completing their work in connection with

the accident. Upon clearing the accident scene, defendant, accompanied in the car by one of the officers, drove to San Jon.

Upon reaching San Jon, a telephone call was placed to the car rental company. Both the officer and defendant talked to Mr. Curto, a manager of the rental company. In the telephone conversation, Mr. Curto asked the officer to hold the car; he confirmed this request by a telegram.

The officer, accompanied by defendant, then drove the car to State Police headquarters in Tucumcari. The contents of the car were being unloaded and inventoried in preparation for storage of the car. A blanket was removed from the trunk. A package fell from the blanket. The package contained approximately seven ounces of marijuana. Upon discovery of this package, defendant was arrested for unlawful possession of marijuana.

Defendant contends that his detention at the accident scene east of San Jon was an arrest and that this arrest was illegal because made without probable cause. He asserts that discovery of the seven ounces of marijuana resulted from a search incident to this illegal arrest. Defendant claims the trial court erred in denying his motion to suppress. He attacks various findings made by the trial court in denying the motion. The attacked findings are to the effect that defendant consented to return to San Jon, and then to Tucumcari and consented to removal of the contents of the car.

■ We hold that the detention of defendant at the accident scene was not an arrest as that term is normally used and understood, and, therefore, we need not decide whether there was probable cause to make an arrest. Nor need we determine whether the evidence supports the trial court's finding concerning defendant's consent. The issue is the reasonableness of the initial detention and the reasonableness of the police action taken pursuant to that detention.

■ In appropriate circumstances and in an appropriate manner, a police officer may approach a person to investigate possibly criminal behavior even though the officer may not have probable cause for an arrest. To justify such an invasion of a citizen's personal security, the police officer must be able to specify facts which, together with rational inferences therefrom, reasonably warrant the intrusion. These facts are to be judged by an objective standard—would the facts available to the officer warrant a person of reasonable caution to believe the action taken was appropriate? Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Slicker, 79 N.M. 677, 448 P.2d 478 (Ct. App.1968).

■ It was reasonable for the officer to stop defendant and ask defendant to show his authority to be operating a car known to the officer to be a rented car. Compare § 64–3–11, N.M.S.A. 1953 (Repl.Vol. 9, pt. 2). Upon being shown a rental agreement that had been altered, it was reasonable to detain defendant until the rental company could be asked about the altered agreement. That's what the trip to San Jon was about.

■ Defendant does not assert that, after the telephone conversation in San Jon, the officer acted improperly in holding the car. He claims, however, that at that point, he should have been dropped off at a bus station or otherwise been allowed to go on his way. We disagree. Since the car was to be taken to storage, it was reasonable for the officer to inventory the contents of the car. Police headquarters were in Tucumcari, not in San Jon. It was reasonable to go to police headquarters before beginning the inventory. The blanket was being removed from the car for the purpose of being inventoried; the marijuana fell from the blanket.

The trial court did not err in refusing to suppress the marijuana discovered under these circumstances.

*Application for a search warrant.*

After being stored, the car was searched pursuant to search warrant. Debris was taken from between the back rests and the

seats of the car and from the car's carpet. The debris amounted to approximately six grams of material. A portion of this material was marijuana.

Defendant contends the trial court erred in denying his motion to suppress this evidence. He claims the application for the search warrant was improper. Since we agree with this contention, we dispose of three preliminary matters before discussing the application for the search warrant.

These preliminary matters are:

■ (a) The officer who applied for the search warrant interviewed defendant a short time prior to making the application. The officer testified that defendant had no objection to a search of the car "* * * because I had told them [defendant and his female companion] that I was going to get a search warrant for it anyway, * * *" The officer testified that defendant then affirmatively consented to a search of the car. This consent does not justify the search since it is "* * * no more than acquiescence to a claim of lawful authority * * *." Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

(b) A California statute provides that an officer making an arrest for a narcotics violation shall seize any vehicle used to facilitate the possession of narcotics. The vehicle is to be held as evidence until a forfeiture has been declared or a release ordered. A vehicle held pursuant to these statutory provisions was searched without a warrant a week after the arrest. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), reh. and modif. denied 386 U.S. 988, 87 S.Ct. 1283, 18 L.Ed.2d 243 (1967), held that the search was not unreasonable under the Fourth Amendment to the Constitution of the United States. Evidence obtained during the search was admissible because the car .was "* * * validly held by officers for use as evidence in a forfeiture proceeding."

■ New Mexico has a statute similar to the California statute considered in Cooper v. California, supra. Section 54-7-26.1, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp.1967). Here, however, the car was not being held for use as evidence in a forfeiture proceeding. No proceedings were taken under our forfeiture statute; the car was held for the car rental company. The search cannot be justified under Cooper v. California, supra.

■ (c) At oral argument, the State suggested that since defendant did not own the car that was searched, he did not have standing to question the validity of the application for the search warrant. There is no question that defendant was "* * * one against whom the search was directed, * * *", Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). There is evidence that Katzoff had authorized defendant to use the car. Further, and regardless of whether defendant had an interest in the car, the possession that was sufficient to convict defendant of "unlawful possession" was sufficient possession to confer standing to question the application. Jones v. United States, supra.

Defendant advances several arguments why the application for the search warrant was improper. We concern ourselves with only one of the contentions—that of probable cause. The Constitution of New Mexico, Art. II, § 10, states, in part, that "* * * no warrant to search * * * shall issue * * * without a written showing of probable cause, * * *"

Since a showing of probable cause is a constitutional requirement, it makes no difference, in this case, whether the search warrant was applied for under § 54-7-22, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2) or § 41-18-1, N.M.S.A. 1953 (Repl.Vol. 6, Supp.1967).

The only portion of the application in any way pertinent to the question of probable cause states:

"That your complainant's belief is founded upon the fact that, A packet of marijuana was found in the trunk of said 1967 Chrysler automobile. * * *"

Now how did the affiant know that? The application doesn't say. As stated in

Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969):

"* * * We are not told how the FBI's source received his information— it is not alleged that the informant personally observed Spinelli at work * * *. Moreover, if the informant came by the information indirectly, he did not explain why his sources were reliable. * * *"

In Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964) it is stated:

"* * * The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge' * * *"

Compare State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966).

■ The application gives no clue as to the basis for the statement that a packet of marijuana had been found in the car. It does not state probable cause and is constitutionally inadequate.

■ Could that inadequacy be cured by oral representations to the judge who issued the search warrant? The record is not clear as to whether oral representations were made. If made, they were insufficient. Our Constitution requires a written showing of probable cause. Compare Commonwealth v. Monoson, 351 Mass. 327, 221 N.E.2d 220 (1966).

■ The basis for the affiant's belief was brought out, over defendant's objection, at the hearing on the motion to suppress. The affiant had been told about the packet of marijuana by another officer. As we have pointed out, the basis is not stated in the application. The testimony at the hearing does not cure the inadequacy of the application. "* * * What is subsequently adduced at a hearing on a motion to suppress, * * * cannot be used by the trial court to augment an otherwise

defective affidavit * * *." United States v. Roth, 391 F.2d 507 (7th Cir. 1967).

The search warrant by which the debris was obtained was issued in violation of our constitutional requirements. The motion to suppress this evidence should have been sustained.

The seven ounces of marijuana, properly admitted, came from a blanket identified as belonging to Katzoff; defendant denied knowledge of it. Another marijuana exhibit, taken from the purse of defendant's companion, was not admitted as evidence against defendant. The evidence does not point overwhelmingly to defendant's guilt. Compare State v. Gray, 79 N.M. 424, 444 P.2d 609 (Ct.App.1968). Accordingly, defendant is to be given a new trial.

### The in-custody statement.

When interviewed, defendant made a statement inconsistent with innocence. The interviewing officer testified to the statement at trial. Defendant contends the trial court erred in denying his motion to suppress this statement. He claims testimony as to his in-custody statement was inadmissible because his attorney was not present when the statement was made.

■ Defendant had a right to have counsel present at the time of the interview. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). Counsel was not present.

Only defendant and the officer were present at the interview. According to the officer, defendant was advised of his rights (see Miranda v. Arizona, supra) at the beginning of the interview and prior to any conversation between the two. This advice included the right to remain silent and to have counsel. On the question of counsel, the officer testified that defendant "* * * advised that he had talked to one, but he advised that he did not know if he [counsel] was going to represent him or not. I even offered the phone so that he could call an attorney if he wished." The officer testified that during the interview

defendant did telephone to New York. Also, that defendant said he would not put anything down in writing.

On his direct examination defendant denied that the interviewing officer advised him as to his rights. On cross-examination defendant admitted that upon discovery of the seven ounce packet of marijuana he had been advised of his rights, that he had completed the sophomore year of college and understood his rights. Defendant admitted that he had been further advised as to his rights when taken before a magistrate; that he had talked with his attorney and with the District Attorney and his rights "* * * had been further explained, * * *" He admitted that he understood his rights when talking with the officer who conducted the interview, that his attorney had been retained at that time and that he did not ask for his attorney.

■ Defendant's own testimony establishes that he waived the right to have counsel present during the interview. State v. Gonzales, 77 N.M. 583, 425 P.2d 810 (1967). The fact that defendant refused to give a written statement does not change that result. State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968).

Defendant asserts, however, that once a defendant has counsel, questioning without the presence of counsel is prohibited. Under this view, the issue is not whether there was a waiver by defendant but whether there may be any interrogation in the absence of counsel if the officer knows that defendant has counsel. State v. Lopez, 80 N.M. 130, 452 P.2d 199, (Ct.App.), decided March 7, 1969 *rejected* the view that:

> "* * * where an accused has counsel and that fact is known to the interrogating officer it then becomes the duty of the officer to notify counsel of an intended interview with accused and a breach of such duty renders any statement by the accused inadmissible in evidence at his trial. * * *"

■ Although urged to overrule State v. Lopez, supra, we decline to do so. If here, the officer knew that defendant had counsel (a disputed fact), and interviewed defendant without giving counsel an opportunity to be present, the officer's conduct is disapproved. This, however, does not make defendant's statement inadmissible if he waived the right to have counsel present. Here there was a waiver.

Because of the error in admitting the debris containing marijuana, the cause is reversed and remanded. The trial court is instructed to set aside the verdict, judgment and sentence and grant defendant a new trial.

It is so ordered.

OMAN and HENDLEY, JJ., concur.