648 P.2d 774

**Edward RYDER, Nellie Cano and Barry Pressing, Petitioners,**

v.

**STATE of New Mexico, Respondent.**

**No. 13545.**

Supreme Court of New Mexico.

June 22, 1982.

Rehearing Denied July 19, 1982.

Bruce J. Ponder, El Paso, Tex., Hebard & Hebard, Peter M. Hebard, Alamogordo, for petitioners.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Thomas Lea Dunigan, Deputy Atty. Gen., Thomas Patrick Whelan, Jr., Mary Hoffman, Asst. Attys. Gen., Santa Fe, for respondent.

R. E. Thompson, U. S. Atty., Herbert A. Becker, Asst. U. S. Atty., Albuquerque, John Petoskey, Bruce Thompson, Zuni, Anthony F. Little, Bernalillo, Fettinger & Bloom, George E. Fettinger, Kim Jerome Gattschalk, Alamogardo, for amicus curiae.

OPINION

EASLEY, Chief Justice.

Ryder, Cano and Pressing were indicted for distribution of marijuana. The trial court suppressed the evidence obtained from the search warrant. On interlocutory appeal, the Court of Appeals reversed the lower court and held that the suppressed evidence was admissible. We granted the petition for certiorari, and we affirm the Court of Appeals but on different grounds than those enunciated by that court.

We discuss:

1. Whether a state court has jurisdiction to hear a case involving a criminal offense committed on a highway within an Indian reservation by non-Indians, which offense is neither against an Indian nor involves Indian property.

2. Whether a non-cross-commissioned Bureau of Indian Affairs (BIA) police officer had the legal authority to detain the defendants so that a cross-commissioned BIA police officer could arrive and issue the driver of the pick-up truck a state traffic citation.

Officer Rocha, a BIA police officer, stopped defendants' pick-up truck for running a stop sign located at the intersection of U.S. Highway 70 and New Mexico Highway 24 within the exterior boundaries of the Mescalero Apache Reservation. When Officer Rocha approached the pick-up, he realized that Pressing, the driver, was a non-Indian. Ryder and Cano were passengers. Officer Rocha was not cross-commissioned under Section 29–1–11, N.M.S.A.1978 (Cum.Supp.1981), and therefore could not issue a state traffic citation. That statute provides in part:

A. All persons that are duly commissioned officers of the police or sheriff's department of any New Mexico Indian tribe or pueblo or who are law enforcement officers employed by the bureau of Indian affairs and are assigned in New Mexico are, when commissioned * * *, recognized and authorized to act as New Mexico peace officers. These officers have all the powers of the New Mexico peace officers to enforce state laws in New Mexico, including but not limited to the power to make arrests for violation of state laws.

Officer Rocha requested or was proferred Pressing's driver's license. He ran a check on it, and asked Pressing to return to the pick-up and wait. Officer Rocha radioed Officer Chino, who was a cross-commissioned BIA police officer, to have him issue Pressing the state traffic citation.

A few minutes later, Pressing got out of his pick-up truck and got into Officer Rocha's patrol car. Officer Rocha smelled the odor of marijuana on Pressing's clothes and then told Pressing to return to his pick-up. Officer Rocha called Officer Chino, asking him to hurry because he believed that the defendants had marijuana in their possession.

Officer Chino arrived ten minutes after receiving the first call from Officer Rocha. Officer Chino checked Pressing's driver's license and issued the state traffic citation to him. He also advised Pressing that Officer Rocha thought Pressing's clothes smelled of marijuana and would like to look inside the cab of the pick-up truck. The search of the cab revealed the presence of marijuana. Officer Chino arrested defendants for the possession of marijuana. A search warrant was obtained and about 270 pounds of marijuana was found in the pick-up truck.

At the suppression hearing, defendants sought to exclude the contraband seized. Defendants contend the stop was illegal because Officer Rocha did not have the authority to issue a traffic citation under state law. Thus, any fruits obtained from the search must be suppressed. The trial court suppressed the evidence based on Officer Rocha's lack of legal authority to de-

tain non-Indians. The Court of Appeals found that under *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978), a tribal police officer may arrest non-Indians, so long as the Indian authorities "promptly deliver up any non-Indian offender, rather than try and punish him themselves." *Id.* at 208, 98 S.Ct. at 1020. The Court of Appeals held that Officer Rocha's detainment of the defendants was not illegal and the evidence was therefore admissible.

We first address whether this case is properly in state court. In *United States v. McBratney*, 104 U.S. 621, 624, 26 L.Ed. 869 (1882), the United States Supreme Court said: "[A state] has acquired criminal jurisdiction over its own citizens and other white persons throughout the whole of the territory within its limits, including [an Indian] Reservation * * *." The underlying rationale for this principle is non-interference with Indian sovereignty. *See Oliphant v. Suquamish Indian Tribe, supra; Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). This Court held in *State v. Warner*, 71 N.M. 418, 379 P.2d 66 (1963), that a non-Indian driving on Indian land located within the territorial boundaries of the state, while under the influence of intoxicating liquor, is subject to the jurisdiction of state courts. We conclude that the defendants are properly before the state court.

We next address the issue of whether a non-cross-commissioned BIA police officer had the lawful authority to detain the defendants. All parties agree that Officer Rocha had the authority to stop the pick-up truck for running the stop sign. Defendants contend that once the BIA police officer determined the driver was a non-Indian, he had to let the defendants go based on the officer's lack of lawful authority to issue a state traffic citation.

Congress vests BIA police officers with the authority to maintain law and order by enforcing both federal and tribal law on Indian land. 25 U.S.C. § 13 (1976); Act of November 27, 1979, Pub.L.No.96–126, 93 Stat. 954 (1979).

The Assimilative Crimes Act, 18 U.S.C. § 13 (1976), provides:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired * * *, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

This Act incorporates state substantive criminal law as federal substantive criminal law, unless a federal statute covers the subject matter. *Williams v. United States*, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946); Annot., 2 L.Ed.2d 1686 (1958); Note, *The Federal Assimilative Crimes Act*, 70 Harv. L.Rev. 685 (1957). The Act applies to Indian land and reservations, *Id.*, which the Mescalero Apache Indian Reservation falls within. *United States v. State of New Mexico*, 590 F.2d 323 (10th Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979); 18 U.S.C. §§ 1151, 1152 (1976). The undisputed testimony of Officer Rocha stated that the offense occurred on Indian land. The Act applies to victim crimes, *Williams v. United States, supra* (rape), as well as to victimless ones, *United States v. Barner*, 195 F.Supp. 103 (N.D.Cal. 1961) (driving while under the influence of alcohol); *United States v. Watson*, 80 F.Supp. 649 (E.D.Va.1949) (reckless driving). We conclude that a non-cross-commissioned BIA police officer had the lawful authority not only to stop the pick-up truck, but also he could have issued the driver, Pressing, a federal traffic citation based on state law.

However, Officer Rocha did not, believing that he had to be cross-commissioned in order to do so. Since the stop was valid, we next inquire whether detaining the defendants for ten minutes for the sole purpose of getting a cross-commissioned BIA police officer to issue a state traffic

citation constitutes an unlawful detainment.

The rule of law in New Mexico on detainments is set forth in *State v. Lewis*, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969). Judge Wood said, "The issue is the reasonableness of the initial detention and the reasonableness of the police action taken pursuant to that detention." *Id.* at 276, 454 P.2d at 362. Officer Rocha was under the mistaken belief that he could not issue a traffic citation and so he detained the defendants for the sole purpose of getting a cross-commissioned officer to issue Pressing the citation. This took no longer than ten minutes. We find that detaining defendants for ten minutes was reasonable.

We affirm the decision of the Court of Appeals on the grounds stated in this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, FEDERICI and RIORDAN, JJ., concur.