669 P.2d 732

STATE of New Mexico, Petitioner,

v.

**Rafig Mousa SWISE, a/k/a Rafig M. Swasa, a/k/a Ray Sewise, Respondent.**

No. 14823.

Supreme Court of New Mexico.

Sept. 19, 1983.

Paul Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for petitioner.

Marchiondo & Berry, Charles A. Wyman, Albuquerque, for respondent.

OPINION

STOWERS, Justice.

The State of New Mexico petitioned this Court on a writ of certiorari to review the judgment of the Court of Appeals in *State v. Swise* (Ct.App. No. 5803, Filed February 10, 1983). The Court of Appeals affirmed the trial court's decision that statements made by the defendant to investigating officers be suppressed. Defense counsel moved to suppress all statements made by the defendant on the basis that such statements were involuntarily made in violation of the defendant's constitutional rights. The trial court granted the defendant's motion in all respects and ordered that any statements given to the officers, and the fruits thereof, be suppressed and inadmissible at trial.

Although statements were made by the defendant on three different occasions, the sole issue we decide is whether the Court of Appeals was correct in affirming the trial court's determination that defendant's first admission made on September 29, 1981 should be suppressed. We hold that it was not, and reverse.

At the suppression hearing, Officers Paul Griego and George Victor testified that during the September 1981 investigation into the death of Joe Omari, they received information that the decedent had been seen several days prior to his death handcuffed and restrained by the defendant at a location in Albuquerque. Following this lead, the officers went to the defendant's place of business on September 29, 1981. After identifying themselves as Sheriff's officers, they informed the defendant that

they were investigating the possible homicide of Joe Omari.

Griego testified that the deputies interviewed the defendant for "approximately seven to ten minutes." Griego further testified that at no time during this interview was the defendant placed under arrest or held in constraint. Furthermore, the defendant's testimony at the suppression hearing did not relate that he was ever placed in custody or held under any type of restraint during the interview.

However, the order granting defendant's motion to suppress contained findings that the September 29, 1981 exchange between Griego and the defendant constituted a police interrogation. The trial court also found that at the time of the questioning, the investigation had focused upon the defendant and that as an objective matter, the defendant was not free to leave the premises at the time he was questioned.

The critical issue is whether under these facts the defendant was deprived of his freedom in the course of the September 29, 1981 interview. The Court of Appeals Memorandum Opinion relies on the case of *United States v. Oliver,* 505 F.2d 301 (7th Cir.1974) to address this issue despite the fact, as noted in the opinion, that the case was overruled in *United States v. Fitzgerald,* 545 F.2d 578 (7th Cir.1976). *Oliver* involved a criminal IRS investigation which held that custody existed when the investigation focused upon a taxpayer, despite the absence of any actual restraints on the defendant's movements. Therefore, the *Oliver* approach would require that the constitutional warnings of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) be given when the investigation begins to focus on the individual as a suspect, whether or not that person is taken into custody. In *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976), the United States Supreme Court found this to be too broad a standard and rejected the idea that focus of inquiry or amount of suspicion is necessarily equivalent to the custodial conditions giving rise to *Miranda* warnings. The Supreme Court in *Beck-*

*with,* premised its requirement for the giving of *Miranda* warnings upon the custodial nature of the situation, not the subject matter of the interview.

This Court, in *State v. Chambers,* 84 N.M. 309, 502 P.2d 999 (1972), as well as *State v. Lopez,* 79 N.M. 282, 442 P.2d 594 (1968), has utilized a stricter application of the holding in *Miranda,* than the *Oliver* approach. In *Chambers,* this Court found that certain statements of the defendant were admissible because the statements were voluntary and were made "before any type of custodial interrogation." *Chambers,* 84 N.M. at 312, 502 P.2d at 1002. This Court stated in *Chambers* that:

> It is quite evident here that appellant had neither been placed under arrest nor in any way detained when he volunteered the statement. Rather, it was made in answer to a question concerning what occurred and can be described as *an answer to a general question of a person who knew something of what transpired as a part of the factfinding process,* held not to be prohibited in *Miranda v. State of Arizona, supra.*

*Chambers,* 84 N.M. at 312, 502 P.2d at 1002 (emphasis supplied in *Chambers* ); quoting *Lopez,* 79 N.M. at 286–287, 442 P.2d at 598–599.

Moreover, this Memorandum Opinion is in conflict with decisions of the Court of Appeals itself. In the case of *State v. Montano,* 95 N.M. 233, 620 P.2d 887 (Ct.App.1980), the court held that *Miranda* warnings need not be given to all persons questioned by police, stating:

> General on-the-scene questioning or other general questioning of citizens in the fact-finding process is not considered custodial, however, and a person in these circumstances need not be informed of his rights before being questioned.

*Id.* at 237, 620 P.2d at 891. This rule was again recognized in *State v. Gonzales,* 96 N.M. 556, 632 P.2d 1194 (Ct.App.1981).

Therefore, questions asked by officers during their investigations are not subject to *Miranda* warnings if the defendant is not in custody or deprived of freedom

in some significant way. The conclusion of the Court of Appeals in its Memorandum Opinion that the defendant's freedom of action was impaired so as to constitute a custodial interrogation is not borne out by the facts of this case. Officer Griego was asked how long the deputies remained at defendant's place of business on that date. Griego testified "approximately seven to ten minutes." Prior to leaving, the officers asked defendant if he would agree to meet with them at 4:00 p.m., that same day. Defendant agreed. Thereafter, the deputies left. At no time during this interview was defendant placed under arrest or held in constraint. Upon the departure of Griego and Victor, defendant contacted an attorney who advised him not to meet with law enforcement officers or to discuss the matter further with them. Defendant's testimony concerning the conversations with the deputies on that date did not relate that he was ever taken into custody or placed under any restraint during the time he met with them. There is no evidence that defendant was subjected to custodial police interrogation during the brief period he was questioned by Griego and Victor on September 29, 1983. Defendant's testimony given at the suppression hearing did not reveal that his responses on that date were other than voluntarily given.

■ Simply because the police may have focused their investigation on the defendant at the time of the interview does not raise this questioning to the level required to warrant *Miranda* warnings. Therefore, the trial court's finding that the investigation had focused on the defendant at the time he was questioned by the officers, even if true, would not under these circumstances justify suppression of the defendant's statement. Furthermore, the findings that the interview of the defendant consti-

tuted an interrogation, and that the defendant was at the time not free to leave the premises, are not supported by the testimony given.

> [I]t is for the appellate court to determine only whether the evidence, viewed in the light most favorable to the finding and considering the degree of proof required, substantially supports the finding. [Citations omitted.]

*State v. Bidegain*, 88 N.M. 466, 470, 541 P.2d 971, 975.

Applying this traditional standard of appellate review to this case, we feel the present record does not support the findings of the trial court. These findings are not supported by the evidence and are therefore not binding on this Court.

We hold that during the questioning on September 29, 1981, the defendant was neither in custody nor was he deprived of his freedom of movement in any significant way. The evidence presented at the suppression hearing reflects no coercive atmosphere against which *Miranda* was developed to protect.

The order of suppression of the defendant's September 29, 1981 statement is therefore reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and FEDERICI and RIORDAN, JJ., concur.