672 P.2d 643

**STATE of New Mexico, Petitioner,**

v.

**Phillip BOEGLIN, Respondent.**

**No. 15079.**

Supreme Court of New Mexico.

Nov. 7, 1983.

Rehearing Denied Nov. 30, 1983.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

STOWERS, Justice.

The State of New Mexico petitioned this Court on a writ of certiorari to review the judgment of the Court of Appeals in *State v. Boeglin,* 100 N.M. 127, 666 P.2d 1274 (Ct.App.1983). The defendant was a witness in the trial of Ralph Earnest, his co-defendant. Mr. Boeglin indicated that he would invoke his Fifth Amendment privilege and the State moved for and was granted use immunity. The trial court en-tered an order requiring the defendant to "appear and testify and in truth speak in said criminal proceedings against Ralph W. Earnest." The order further provided:

That any truthful statements by PHILLIP BOEGLIN in the District Court trial of the State of New Mexico vs. Ralph R. Earnest, District Court No. CR–82–54, may not be used in any criminal proceeding stemming from the incident which is the subject of the aforementioned case against Ralph R. Earnest.

The defendant contended that there could be no qualifications under the immunity order as to whether the testimony is truthful or untruthful, and the Court of Appeals agreed. We reverse.

The decision of the Court of Appeals overlooks the fact that when a witness is called to testify, he is called to testify truthfully. NMSA 1978, Evid.Rule 603 (Repl. Pamp.1983) (emphasis added), entitled Oath or Affirmation, states:

Before testifying, *every* witness shall be required to declare that he will testify *truthfully,* by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.

The defendant, a witness, was bound by this Rule, and therefore was obligated to testify truthfully, as every witness is, regardless of what the conditions are when he comes to the witness stand. Furthermore, the record indicates that the defendant took the oath and stated that he would testify truthfully.

Moreover, a witness granted use immunity is granted the immunity conditioned upon his telling the truth. If the witness gives false testimony, it is not compelled at all. In that situation, the testimony given violates his oath and is also not the incriminatory truth which the Constitution was intended to protect. *United States v. Tramunti,* 500 F.2d 1334 (2nd Cir.); *cert. denied,* 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974). In the present case, the trial court's immunity order was not improper because it required the defendant to testify truthfully.

To allow the defendant to contend that he was not required to testify truthfully makes a mockery of Rule 603 and also the immunity statute, NMSA 1978, Section 31–6–15 (Cum.Supp.1983). Section 31–6–15(A) provides in pertinent part:

> If a witness is granted immunity in return for evidence, none of his testimony or any evidence obtained as a fruit of his testimony shall be used against him in any criminal prosecution except that such person may be prosecuted for any perjury committed in such testimony or in producing such evidence, or for contempt for failing to give an answer or produce evidence.

There is no basis in the statute for the contention that the legislative intent was other than to have a witness testify truthfully whatever his status when he takes the witness stand. Furthermore, the very purpose of the granting of immunity is to reach the truth. *United States v. Tramunti,* 500 F.2d at 1343. This Court has specifically recognized that use immunity protects a witness from his compelled answers. *State v. Romero,* 96 N.M. 795, 635 P.2d 998 (Ct.App.1981); *Rainbo Baking Co. v. Apodaca,* 88 N.M. 501, 542 P.2d 1191 (Ct.App.), *cert. denied,* 89 N.M. 6, 546 P.2d 71 (1975).

Implicit in Section 31–6–15(A) is the fact that a witness must testify truthfully or be subject to being prosecuted (1) for perjury committed in such testimony or in producing such evidence, or (2) for contempt for failure to give an answer or produce evidence. To hold otherwise would make this statute meaningless. Moreover, it would also make meaningless NMSA 1978, Evid. Rule 412 (Repl.Pamp.1983) which contains much the same language. In addition, NMSA 1978, Evid.Rule 501 (Repl.Pamp. 1983) regarding privileges provides:

> Except as otherwise required by constitution, and except as provided in these rules or in other rules adopted by the supreme court, no person has a privilege to:
>
> (1) refuse to be a witness; or
>
> (2) refuse to disclose any matter; or
>
> (3) refuse to produce any object or writing; or
>
> (4) prevent another from being a witness or disclosing any matter or producing any object or writing.

This Rule implies that a witness is expected to do what is appropriate and correct, which is to testify truthfully.

In the present case, as in all cases, it is incumbent upon the trial judge to see that the orderly processes of the trial and the pursuit of justice are not frustrated. Furthermore, "[a] witness ... cannot 'pick and choose' the questions to which an answer will be given. The management of the trial rests with the judge and no party can be permitted to usurp that function." *Yates v. United States,* 355 U.S. 66, 73, 78 S.Ct. 128, 132, 2 L.Ed.2d 95 (1957). *See United States v. Gates,* 176 F.2d 78 (2nd Cir.1949). *See also State v. Sanchez,* 89 N.M. 673, 556 P.2d 359 (Ct.App.1976). In the present case, the trial court was dealing with a willful and contemptuous witness who was attempting to frustrate this very process.

Any witness who willfully and contemptuously challenges the authority and right of the trial court to conduct its business does so at his peril. The opinion of the Court of Appeals is reversed. This matter is remanded to the Court of Appeals for consideration of the remaining issues raised on appeal.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI and RIORDAN, JJ., concur.

DAN SOSA, Jr., Senior Justice, not participating.