731 P.2d 366

**Fred BOONE, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 16085.**

Supreme Court of New Mexico.

Dec. 31, 1986.

Rehearing Denied Feb. 3, 1987.

Winston Roberts-Hohl, Santa Fe, Morris Stagner, Dan B. Buzzard, Clovis, for petitioner.

Paul Bardacke, Atty. Gen., Charles D. Noland, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

STOWERS, Chief Justice.

Defendant Fred Boone was arrested without a warrant and charged with driving while under the influence of intoxicating liquor and drugs (DWI) after police officers discovered him in the driver's seat of his automobile, stopped in a traffic lane late at night with the automobile's engine running but its lights off. *See* NMSA 1978, § 66-8-102 (Cum.Supp.1986) (DWI).

Ruling that the warrantless arrest was unlawful, the trial court ordered the suppression of all evidence obtained after the arrest and the dismissal of the charges. That evidence included the results of a field sobriety test that defendant failed, his refusal to take a breathalyzer test at the police station, and statements of defendant and his passenger. The State appealed pursuant to NMSA 1978, Subsection 39-3-3(B), and the Court of Appeals reversed the trial court's judgment.

We granted certiorari, and now affirm the Court of Appeals' decision in part and reverse it in part. This case presents the following issues:

(1) Is motion of the vehicle a necessary element of the misdemeanor offense of DWI under Section 66-8-102?

(2) Did the trial court err in ruling the warrantless arrest unlawful on the ground that the arresting officer had no probable cause to believe the misdemeanor offense of DWI had been committed in his presence?

(3) Did the Court of Appeals err in reversing the trial court's finding that defendant was arrested at the time he was requested to take the field sobriety test and not later when he formally was placed under arrest?

We hold that the offense of DWI under Section 66-8-102 does not require motion of the vehicle; the offense is committed when a person under the influence drives or is in actual physical control of a motor vehicle or exercises control over or steers a vehicle being towed. Therefore, under the facts of this case, the trial court clearly erred in ruling the warrantless arrest unlawful on the ground that DWI was not committed in the presence of the arresting officer. Finally, because substantial evidence in the record supports the trial court's finding regarding the time of arrest, we hold that the Court of Appeals erred in reversing the trial court's finding

on that issue. Accordingly, we reverse the Court of Appeals' decision in part and remand to the trial court for further proceedings.

## I. DWI under Section 66–8–102.

■ Section 66–8–102 in pertinent part provides that "[i]t is unlawful for any person who is under the influence of intoxicating liquor to *drive* any vehicle within this state * * * *'" (Emphasis added). Our Motor Vehicle Code, NMSA 1978, §§ 66–1–1 to 66–8–140 (Orig.Pamp., Repl.Pamp.1984 and Cum.Supp.1986), defines "driver" as any person who drives or is in actual physical control of a motor vehicle. *See* NMSA 1978, § 66–1–4(B)(18) (Repl.Pamp.1984). We hold, as a matter of law, that the meaning of "drive" in Section 66–8–102 is unclear; therefore, we may resort to the principles of statutory construction in order to resolve the ambiguity. *See New Mexico State Board of Education v. Board of Education,* 95 N.M. 588, 590, 624 P.2d 530, 532 (1981). We must ascertain and give effect to the intention of the Legislature. *Board of Education v. Jennings,* 102 N.M. 762, 765, 701 P.2d 361, 364 (1985).

Defendant draws our attention to the fact that prior to 1979, Section 66–8–102 made it unlawful for any person under the influence "to drive or be in actual physical control of any vehicle * * * *'" NMSA 1978, § 66–8–102, *amended by* 1979 N.M. Laws, ch. 71, § 7 (codified at NMSA 1978, § 66–8–102 (Cum.Supp.1986)). He argues that adoption of an amendment is evidence that the Legislature intended to make a substantive change in the law, *Stang v. Hertz Corporation,* 81 N.M. 69, 73, 463 P.2d 45, 49 (Ct.App.1969), *aff'd on other grounds,* 81 N.M. 348, 467 P.2d 14 (1970), and that the 1979 elimination of the phrase "or be in actual physical control of" indicates the Legislature's intention to narrow the scope of the statutory offense. We disagree.

From 1953 until 1978, our Motor Vehicle Code made it unlawful for any person under the influence of intoxicating liquor "to drive or be in actual physical control of any vehicle within this state." 1953 N.M.Laws, ch. 139, § 54 (codified as amended at NMSA 1953, 2d Repl.Vol. 9, Part 2 (1972), § 64–22–2). Consistent with the DWI provision, the Motor Vehicle Code defined "driver" as "[e]very person who drives or is in actual physical control of a vehicle." 1953 N.M.Laws, ch. 139, § 11 (codified at NMSA 1953, 2d Repl.Vol. 9, Part 2 (1972), § 64–14–13).

In 1978, the Motor Vehicle Code was rewritten substantially, and the definition of "driver" was amended to encompass "every person who drives or is in actual physical control of a motor vehicle * * * or who is exercising control over, or steering, a vehicle being towed by a motor vehicle." 1978 N.M.Laws, ch. 35, § 4(B)(17) (codified as amended at NMSA 1978, § 66–1–4(B)(18) (Repl.Pamp.1984)). The new definition was inconsistent with the unchanged DWI section in its references to *motor* vehicles but not in its use of the phrase "drives or is in actual physical control of." *See* 1978 N.M. Laws, ch. 35, § 510 (codified at NMSA 1978, § 66–8–102 (Orig.Pamp.) (recompilation of DWI provision)).

■ The Legislature could have conformed Section 66–8–102 to the definition by adding the appropriate references to motor vehicles and towed vehicles. Instead it chose to streamline and clarify the DWI section by using only the statutorily defined term, "drives." *See* NMSA 1978, § 66–1–4(A) (Repl.Pamp.1984) (applicability of definitions); *cf. Commonwealth v. Kloch,* 230 Pa.Super. 563, 575–76, 327 A.2d 375, 383 (1974) (definition of nouns "operator" and "operation" apply to verb "operate"). *But cf. State v. Williams,* 20 Ohio Misc. 51, 251 N.E.2d 714 (C.P.1969) (similar amendment requires motion of vehicle). We believe that the 1979 amendment was

intended to rectify the inconsistency between the updated definition and the language of the DWI section and to make clear that the Legislature's definition of "driver" applies to the offense of DWI. We therefore hold that Section 66–8–102 makes it unlawful for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of a motor vehicle or to exercise control over or steer a vehicle being towed by a motor vehicle; motion of the vehicle is not a necessary element of the offense.[1]

## II. Warrantless Arrest for Misdemeanor Committed in the Presence of Officer.

We long have held that, in the absence of statutory authority, a duly authorized peace officer may make an arrest for a misdemeanor without a warrant only if he has probable cause or reasonable grounds to believe that the offense has been committed in his presence. *See State v. Luna*, 93 N.M. 773, 777, 606 P.2d 183, 187 (1980); *City of Roswell v. Mayer*, 78 N.M. 533, 534, 433 P.2d 757, 758 (1967); *Cave v. Cooley*, 48 N.M. 478, 481–82, 152 P.2d 886, 888 (1944). The trial court in the present case concluded that defendant's arrest was unlawful because the police officer had no probable cause to believe that the offense of DWI was being committed in his presence when he discovered defendant's stationary automobile.

■ The trial court's holding clearly was premised upon its erroneous conclusion that Section 66–8–102 requires that the vehicle be placed in motion. A reviewing

court is not bound by a trial court's ruling that is predicated upon a mistake of law. *State v. Boeglin*, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.), *rev'd on other grounds*, 100 N.M. 470, 672 P.2d 643 (1983); *see also Martinez v. Martinez*, 93 N.M. 673, 676, 604 P.2d 366, 369 (1979). We therefore agree with the Court of Appeals' decision to reverse the trial court's order suppressing the evidence obtained and dismissing the charges against defendant.

■ However, we do not approve of the rationale of the Court of Appeals' decision. Assuming that motion of the vehicle was an element of the offense, the Court of Appeals held that an officer may make a warrantless arrest for the misdemeanor offense of DWI committed in his presence when he reasonably can infer from facts known to him through his senses that a person under the influence was driving a vehicle. The Court of Appeals' expansion of the meaning of the requirement that the offense be committed "in the presence of" the officer is unnecessary to the determination of this case because, under our interpretation of Section 66–8–102, the trial court had before it evidence upon which it could have found that the offense of DWI literally occurred in the arresting officer's presence. *See generally City of Roswell v. Mayer*, 78 N.M. at 534–35, 433 P.2d at 758–59; *State v. Trujillo*, 85 N.M. 208, 211, 510 P.2d 1079, 1082 (Ct.App.1973) (fact patterns supporting probable cause for DWI).

The record indicates that the officer found defendant in the driver's seat of his automobile, conscious, parked in a traffic lane with the automobile's motor running

1. We note that the language in Subsection 66–1–4(B)(18) generally limiting the definition of drivers to persons "upon a highway" does not apply to the offense of DWI. At the time it enacted that definition the Legislature expressly and specifically provided that Section 66–8–102 "shall apply upon highways and elsewhere throughout the state." 1978 N.M.Laws, ch. 35,

§ 372 (codified as amended at NMSA 1978, § 66–7–2). This specific statute will be construed as an exception to the general definitional statute. *See Western Investors Life Insurance Co. v. New Mexico Life Insurance Guaranty Association,* 100 N.M. 370, 372–73, 671 P.2d 31, 33–34 (1983).

but its lights off, at 11:10 p.m.; that he smelled alcohol on defendant's breath when he approached the automobile to investigate the situation; and that he observed defendant's slurred speech and unsteady walking even before he asked defendant to submit to a field sobriety test. We remand this case to the trial court in order for it to make appropriate factual findings and conclusions of law regarding whether the officer had probable cause to arrest defendant without a warrant.

### III. Time of Arrest.

The trial court concluded that defendant was arrested at the time he was requested to take the field sobriety test, prior to the time he failed the test and formally was arrested and taken into police custody. The Court of Appeals reversed that ruling, holding that because the officer did not force or coerce defendant into taking the test and because defendant complied without objection, there was no arrest, seizure, or detention in violation of the fourth amendment. *See* U.S. Const. amend. IV. The defendant argues that the Court of Appeals' decision impermissibly exceeded the scope of appellate review, and we agree.

■ A person is arrested when his freedom of action is restricted by a police officer and he is subject to the control of the officer. *State v. Frazier*, 88 N.M. 103, 105, 537 P.2d 711, 713 (Ct.App.1975). The question exactly when has an arrest taken place is in the first instance for the trial court to determine. *Cf. Berkemer v. McCarty*, 468 U.S. 420, 441, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984) (custody). The appellate court determines only whether the evidence, viewed in the light most favorable to the trial court's finding, substantially supports the finding. *Cf. State v. Swise*, 100 N.M. 256, 258, 669 P.2d 732, 734 (1983) (custodial interrogation). We hold that substantial evidence supports the trial court's finding that defendant was arrested when he was asked to take a field sobriety test and further hold that the Court of Appeals erred in rejecting that finding.

■ Because N.M. Const. art. II, Section 10 and U.S. Const. amend. IV protect only against unreasonable searches and seizures, *see Doe v. State*, 88 N.M. 347, 352, 540 P.2d 827, 832 (Ct.App.), *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975), suppression of evidence obtained as a result of a seizure is not appropriate when the seizure is justified and reasonable. *See State v. Lewis*, 80 N.M. 274, 276, 454 P.2d 360, 362 (Ct.App.1969); *see generally State v. Luna*, 93 N.M. at 778, 606 P.2d at 188. We have reversed the trial court's conclusion that the warrantless arrest here was unlawful and unjustified. The trial court here failed to rule upon the reasonableness of defendant's detention and the police action taken in the course of that detention. *See Ryder v. State*, 98 N.M. 316, 319, 648 P.2d 774, 777 (1982); *State v. Lewis*, 80 N.M. at 276, 454 P.2d at 362. We therefore remand this case to the trial court in order for it to make appropriate findings and conclusions.

In conclusion, we affirm the trial court's finding that defendant was arrested at the time he was requested to take a field sobriety test. Because we hold that Section 66-8-102 does not require motion of the vehicle as an element of the offense of DWI, we reverse the trial court's ruling that no probable cause existed for the warrantless misdemeanor arrest of defendant for an offense committed in the presence of the arresting officer. For the foregoing reasons, the decision of the Court of Appeals is reversed in part, the order of the trial court suppressing the evidence and dismissing the charges is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN and FEDERICI, JJ., concur.

SOSA, Senior Justice, and WALTERS, J., dissent.

WALTERS, Justice (dissenting).

The majority opinion goes too far. Although we might agree that, in some circumstances, it is not necessary that a vehicle be in motion at the time the arresting officer observes the driver's intoxication, in order to establish probable cause to arrest without a warrant, those circumstances did not exist in the instant case.

Collected at 74 A.L.R.3d 1138–1166, and the supplement thereto, are cases which deal with arrests of drunken drivers. Seventeen jurisdictions apparently have considered that issue. Only five have held that presence of the officer at the time of the commission of the act of driving while intoxicated is not required. Of those five jurisdictions, in only one case was it held that there was probable cause to arrest when the officer deduced that the intoxicated person had been driving before he was found "passed out" at the scene of a one-car accident. In every other case, the arrest was declared unlawful, or it was held lawful because the defendant admitted he had been driving while intoxicated or an eye witness had told the officer that he had seen the defendant driving immediately before the accident or the arrest.

In the instant case, there was no evidence of how long the car had been parked, or when defendant became intoxicated. There is nothing to refute an equally logical inference that defendant realized at some point that he was, or was becoming, intoxicated, and he stopped driving before the alcohol impaired his ability to drive. None of the circumstances present in any of the cases of the annotation are present in the case now before us.

That is not to say that defendant could not have been charged with other violations of the Motor Vehicle Code; we are only concerned here with the violation he was charged with. When the facts would just as easily permit the inference that defendant stopped his car to avoid a DWI violation that could result had he continued to drive, it is inconsistent, as well as bad law, to signal intoxicated persons that they might just as well continue driving because they will be arrested for DWI whether they stop or not. The rationale of the majority opinion would apply as easily to anyone sitting in a parked car in front of his own house or in front of any establishment, if the arresting officer smelled alcohol and observed slurred speech. The record, as it stands, is without any corroboration of the officer's assumption that defendant stopped driving only after he had become intoxicated.

Even under the convoluted rationale of the majority opinion that attempts to illustrate why the meaning of "drive" is unclear, there was still no evidence that defendant was driving while intoxicated, was in actual control of the vehicle, was exercising control over it, or was steering it while it was being towed.

Finally, the determination of probable case should be left up to the trial judge. *See State v. Copeland*, 105 N.M. 27, 727 P.2d 1342 (Ct.App.), *cert. denied*, 104 N.M. 702, 726 P.2d 856 (1986). Whether or not the trial judge felt that one of the elements of the violation required that the car had to be in motion, he also found no probable cause. The latter finding well could have been based on lack of evidence to show how long the car had been parked, when defendant became intoxicated, or whether he had been driving it after he became intoxicated.

If this Court is to decide, merely as a clarification of the law, that a car in motion is not always necessary to support a charge of DWI, it should nevertheless sus-

tain the trial court's decision on the basis of the court's finding that probable cause did not exist to arrest for DWI without a warrant. *State v. Copeland.*

For the foregoing reasons, we are unable to agree with the majority opinion and, therefore, we respectfully dissent.

SOSA, Senior Justice, concurs.