This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

v.                                              **NO. 29,989**

**WILBERT YELLOWMAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for driving while under the influence of intoxicating liquor or drugs. The notice proposed to affirm on the merits, and to reverse and remand for the limited purpose of correcting the judgment and sentence to reflect the jury's verdict for a violation of NMSA 1978, Section 66-8-102(C)(1) (2008) rather than for a violation of Section 66-8-102(D)(1). Defendant filed a timely memorandum in opposition pursuant to a granted motion for extension of time. The State filed a timely response pursuant to a granted motion for clarification of time. We remain unpersuaded by Defendant's arguments and therefore affirm on the merits. We also reverse and remand for clarification of sentence given that both parties agree that this is appropriate. **[MIO 2; Response 2]**

Defendant continues to argue that there was a lack of substantial evidence to support his DWI conviction. **[DS 3]** In particular, Defendant asserts that there was a lack of evidence to show that he was "in control" of the vehicle and that he actually drove the vehicle. **[DS 3]** Defendant refers to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985) in support of his argument. **[MIO 4]**

We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v.*

*Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not re-weigh the evidence, nor substitute our judgment for that of the fact-finder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

Defendant's conviction for DWI requires findings that Defendant operated a motor vehicle; that, within three hours of driving, Defendant had an alcohol concentration of .08 grams or more in one hundred milliliters of blood; and that the alcohol concentration resulted from alcohol consumed before or while driving the vehicle. **[RP 1, 57, 70; MIO 2]** *See* § 66-8-102(C)(1).

The facts indicate that Deputy Sanchez was dispatched to a possible parked drunk driver at a gas station. **[DS 2; MIO 1]** When he arrived at the station, Deputy Sanchez saw a blue van that matched the dispatch description. **[DS 2; MIO 1]** Deputy Sanchez testified that, upon approaching the van, he saw Defendant put his hands in the location of the dash and then put them back down on his lap area. **[DS 2; MIO 1]** Upon making contact with Defendant, Deputy Sanchez observed Defendant to have red and bloodshot watery eyes and to smell strongly of alcohol. **[DS 2; MIO 1]**

3

During a pat-down search, Deputy Sanchez located the car keys in Defendant's left front pants pocket. **[DS 2; MIO 1]** Defendant then performed poorly on field sobriety tests **[DS 2; MIO 1]** and submitted to an alcohol blood test, with results of .28 blood alcohol concentration. **[DS 2; MIO 1-2]**

We hold that the foregoing facts support Defendant's conviction for DWI. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). Although the keys were not in the ignition **[DS 3]** and Defendant was not actually observed driving the vehicle **[DS 3; MIO 4]**, the jury could have reasonably surmised that Defendant was nonetheless operating the vehicle. As instructed by the jury **[RP 58]**, a person is "operating" a motor vehicle if the person is driving the motor vehicle *or in actual physical control*, whether or not the vehicle is moving. *See, e.g., Boone v. State*, 105 N.M. 223, 224, 731 P.2d 366, 367 (1986) (holding that "drive" means either driving or exercising actual physical control of a vehicle). And in the present case, given that Defendant was sitting in the driver's seat and the keys were in his pocket, a jury could have reasonably surmised that Defendant had actual physical control of the vehicle. *See generally State v. Sims*, 2008-NMCA-017, ¶ 1, 143 N.M. 400, 176 P.3d 1132 (filed 2007) (holding that the defendant, who was either asleep or passed out, had actual

4

physical control of the vehicle because the location of the ignition key on the passenger seat would allow the defendant sitting in the driver's seat to start the automobile and drive away at any time), *cert. granted*, 2008-NMCERT-001, 143 N.M. 399, 176 P.3d 1131.

Finally, while the judgment and sentence **[RP 71]** recites Defendant's conviction for a violation of Section 66-8-102(D)(1) (blood alcohol concentration of .16 or more), the jury was only asked to convict Defendant for a violation of Section 66-08-102(C)(1) (blood alcohol concentration of .08 or more). **[RP 57]** We accordingly reverse Defendant's conviction for a violation of Section 66-8-102(D)(1) and to remand with instructions that the judgment and sentence be corrected to reflect Defendant's conviction for a violation of Section 66-8-102(C)(1). *See, e.g., State v. Villa*, 2004-NMSC-031, ¶ 9, 136 N.M. 367, 98 P.3d 1017 (recognizing when it is appropriate for an appellate court to remand a case for entry of judgment of conviction and re-sentencing).

**CONCLUSION**

Based on the foregoing discussion, we affirm the jury's verdict for a violation of Section 66-8-102(C)(1), and reverse and remand for the limited purpose of correcting the sentence to reflect the jury's verdict.

**IT IS SO ORDERED.**

                              **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**ROBERT E. ROBLES, Judge**