The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
 Are Oklahoma District Attorneys required to enforce laws regarding checks written on insufficient funds at smokeshop businesses located on Indian land?
Your question raises complex questions regarding federal, state, and tribal jurisdiction to enforce criminal laws on land owned by Indian tribes and individual Indians. As one scholar has noted,"Criminal jurisdiction in Indian country . . . is complex and difficult to explain. Its governing principles are contained in hundreds of statutes and court decisions that have been issued randomly during the past two hundred years." Stephen L. Pevar, The Rights of Indians and Tribes, 129 (1992).
In addition, the answer to your question depends on a number of factual questions that cannot be resolved in an Attorney General's opinion. These factual questions include whether the smokeshop at issue is located on "Indian country" as defined by federal law, whether the smokeshop is owned by a member of the tribe that owns the land on which its located, and whether the individual who writes the insufficient fund check is an Indian, or a non-Indian, and accordingly, this office has determined that your question should be addressed by an informal opinion. Because of the complexity and the nature of the issues involved, this informal opinion cannot definitively resolve your question. However, in what follows, I will seek to outline the general principles of state criminal jurisdiction over Indian country that must be applied. You should understand that what follows, although carefully researched, represents the opinion of the undersigned Assistant Attorney General and is not an official opinion of the Attorney General.
As you have noticed, the first step in resolving your question is to determine where the smokeshop is located. Whether the federal government, the state government, the tribal government, or some combination of all three has jurisdiction over a particular criminal matter depends most basically on whether the alleged crime is committed on Indian country. See generally Neqonsott v. Samuels,113 S.Ct, 1119 (1993); Duro v. Reina, 110 S.Ct. 2053 (1990) (Supreme Court cases with general discussions of criminal jurisdiction); Pevar, supra, 129-153. Indian country is defined by 18 U.S.C. 1151 as: (1) "all land within the limits of any Indian reservation under the jurisdiction of the United States government;" (2) "all dependent Indian communities within the boundaries of the United States whether within the original or subsequently acquired territory thereof and whether within or without the limits of a state," and (3) "all Indian allotments, the Indian titles to which have not been extinguished."
As to those crimes committed within Indian country, a number of Congressional enactments and Supreme Court decisions have established a complicated set of principles and doctrines. Fundamentally, the United States Constitution gives Congress plenary authority over Indian affairs, U.S. Const. Art I, 8, and "(t)herefore, as a general rule, unless congress has authorized a state to apply its laws within an Indian reservation, it may not do so." Pevar, supra, 111. Congress has passed many statutes that do grant both the states and the federal government a jurisdiction over certain kinds of criminal matters. Resolving jurisdictional questions such as the one you have raised generally involves an analysis of the effect of these various congressional enactments, with particular focus on how these enactments have been interpreted by the Supreme Court.
In the opinion of one scholar, the three most important federal statutes regarding criminal jurisdiction in Indian country are the General Crimes Act, 18 U.S.C. 1152; the Major Crimes Act, 18 U.S.C. 1153; and Public Law 83-280. Pevar, supra, 130-132. "The General Crimes Act authorizes the federal government to extend all of its criminal laws into Indian country except for crimes committed by one Indian against the person or property of another Indian." Id. at 131. Professor Pevar explains, "thus, an Indian who robs a non-Indian on the reservation can be prosecuted by the federal government under the General Crimes Act, but if the same Indian robbed a fellow Indian, the General Crimes act would not apply." Id.
The Major Crimes Act, 18 U.S.C.A. 1153, gives the federal government jurisdiction over specified crimes committed on Indian country by Indians regardless of whether the victim is an Indian or a non-Indian. The listed offenses include murder, manslaughter, kidnapping, certain sexual felonies, incest, certain kinds of serious assault, arson, burglary, robbery, and theft.
Finally, Public Law 83-280 required six states (Oklahoma was not one of the six) to exercise full criminal jurisdiction in Indian country. The other 44 states (including Oklahoma) were allowed to exercise jurisdiction over Indian country if they asserted jurisdiction pursuant to an established procedure within a certain period of time. However, Oklahoma never took the required steps for asserting jurisdiction under Public Law 83-280. See Okla. Tax Commission v. Sac Fox Tribe, 113 S.Ct. 1985 (1993) (noting that Oklahoma never asserted jurisdiction under Public Law 83-280).
These congressional enactments, along with Supreme Court decisions, have created a number of generally established rules regarding criminal jurisdiction in Indian country. Application of these rules requires one to determine whether the accused is an Indian or non-Indian and whether the victim is an Indian or a non-Indian. According to Professor Pevar, the following jurisdictional rules apply if the crime committed is one of the crimes listed in the Major Crimes Act:
 (1) if the accused is Indian and the victim is Indian, both the federal government and the tribal government have jurisdiction to prosecute the crime. In this instance, the federal government's jurisdiction is based on the Major Crimes Act. The tribe's jurisdiction is based on its inherent right to govern itself, a right recognized by numerous Supreme Court decisions. See Pevar, supra, 79-110; Worcester v. Georgia, 31 U.S. 515, 558 (1832);
 (2) if the accused is Indian and the victim is non-Indian, then the federal government and the tribal government have jurisdiction for the same reasons;
 (3) if the accused is a non-Indian and the victim is an Indian, then only the federal government has jurisdiction (granted by the Major Crimes Act);
 (4) if the accused is a non-Indian and the victim is a nonIndian, then the state has criminal jurisdiction. Rule 4 is based on the Supreme Court decision in United States v. McBratney, 104 U.S. 621 (1881), in which it held that a state could prosecute a non-Indian who murdered another non-Indian in Indian country. Professor Pevar states that since the McBratney decision, "the Supreme Court has consistently upheld the rule that states can prosecute non-Indians for crimes against other non-Indians in Indian country." Pevar at 142. See also United States v. Wheeler, 435 U.S. 313, 324 n. 21 (1977); United States v. Antelope, 430 U.S. 641, 643 n. 2 (1977); United States v. Johnson, 637 F.2d 1224 (9th Cir. 1980) (circuit case citing general rule on non-Indians); Ryder v. State, 648 P.2d 774 (N.M. 1982).
Professor Pevar sets forth a similar set of rules for instances in which the crime committed is not a crime listed in the Major Crimes Act. Rules 2, 3, 4 are the same as set forth above. As to the result in Rule No. 1 (Indian accused, Indian victim), however, only the tribal government has jurisdiction when the crime committed is not a major crime. (This is because there is no Congressional enactment analogous to the Major Crimes Act that confers criminal jurisdiction to the federal government when crimes other than those set forth in the Major Crimes Act are involved.) See Pevar, supra, 132-138.
In my opinion, these rules can be applied to the fact situation that you have described in your question. Thus, under these rules, a state district attorney would be authorized to prosecute an individual for writing an insufficient funds check to a smokeshop located on Indian country only if the individual defendant was a non-Indian and the victim of the crime — the owner of the smokeshop (to whom the check at issue was presumably written) — was also a non-Indian. As stated earlier, whether a particular smokeshop is located on Indian country requires a factual determination. In the question you posed, it is only in limited situations that a state district attorney may prosecute a case.
I hope that the opinion has been helpful to you. If you have additional questions, you may wish to refer to Professor Pevar's book or to a law review article on criminal jurisdiction at 17 American Indian Law Review 175.
(Gay Abston Tudor)