This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,422**

**OLAJUWON BISHOP-CALHOUN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his conviction for battery. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition. We have carefully considered Defendant's arguments, but we are not persuaded that affirmance is not warranted in this case. We therefore affirm.

Defendant continues to claim that it was error to deny his motion to suppress un-Mirandized statements made to police at his place of employment. When interviewed by police, Defendant stated that he had left the party to buy beer and then went to another party, and that he was not at the party when the incident occurred. According to Defendant, the fact that police interviewed him at his place of employment "created an air of detention," and therefore, Miranda warnings were required.

As discussed in our calendar notice, Miranda warnings would have been required if Defendant was in custody, was being interrogated, and his freedom of movement was obstructed by the officers in a significant manner. *See State v. Juarez*, 120 N.M. 499, 502, 903 P.2d 241, 244 (Ct. App. 1995); *cf. State v. Swise*, 100 N.M. 256, 257-58, 669 P.2d 732, 733-34 (1983). There is nothing to indicate that Defendant was subjected to interrogation, or that his freedom to leave was obstructed by police. The actions of the police presented to us do not support a finding that Defendant was restrained or in custody while being interviewed. We

hold that the trial court did not err in denying Defendant's motion to suppress the statements. *See State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785 (explaining that appellate court reviewing a ruling on a motion to suppress views the facts in the light most favorable to the trial court's ruling and determines if the law was correctly applied to the facts).

Defendant continues to argue that it was error to deny his motion to suppress "medical" testimony from a police officer who testified that some of the victim's wounds were caused by a sharp object. The district court allowed the testimony based on the officer's experience as an emergency medical technician. [MIO 9-10] Defendant claims that the officer was not qualified to give the testimony regarding the victim's wounds and had no personal knowledge about the injuries. As discussed in our calendar notice, Defendant was charged with battery by the use of fists, and was also charged with aggravated assault based on the use of a knife or other sharp object to injure the victim. There was testimony that Defendant was one of those hitting the victim with fists. Defendant was convicted only of battery. Therefore, even if we agreed that the admission of the officer's testimony was error, it was harmless error and caused no prejudice to Defendant. *See State v. Duffy*, 1998-NMSC-014, ¶ 38, 126 N.M. 132, 967 P.2d 807 (holding error to be harmless where substantial evidence supported the conviction without reference to

the improper evidence, improper evidence was so minuscule that it would not have contributed to the conviction, and there was no substantial conflicting evidence to discredit the improper evidence).

Defendant again claims that he should have been allowed to impeach witnesses with prior statements that were included in the officer's support statement for the criminal complaint, and that were allegedly made by the witnesses to the officer. [RP 21] Defendant's claim on appeal is limited to a claim under Rule 11-613 NMRA, even though the argument made below was based on hearsay. In our calendar notice, we pointed out that it appeared that this issue was not properly preserved based on Rule 11-613. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (providing that preservation requirements include a timely objection that specifically apprises the district court of the claimed error, and allows the district court to make an intelligent ruling on the objection). Defendant claims that he "clearly adhered to the procedure" for impeaching a witness, and "also fulfilled the requirements under Rule 11-613." [MIO 12] However, Defendant does not explain how his argument, now based on Rule 11-613, was presented to the district court in a manner sufficient to meet the requirements for preservation of an issue. We therefore hold that the issue was not properly preserved for appeal.

Moreover, as noted in our calendar notice, the district court determined that the statements could not be used for impeachment because the officer's support statement was not a prior recorded statement. The support statement included notes with respect to interviews made during investigation of the incident, and were not sworn to by those interviewed. In addition, there is no indication that the individuals interviewed ensured that the officer's support statement accurately reflected what the officer was told. Therefore, even if we were to agree that the issue was preserved, it appears that the information in the officer's support statement was more prejudicial than probative, and therefore, the district court did not err in refusing to allow the support statement to be used for impeachment purposes. *See State v. Davis*, 97 N.M. 130, 133, 637 P.2d 561, 564 (1981).

Defendant continues to claim that the State hid exculpatory information from him until the day of trial. Specifically, Defendant argues that information that the victim was unable to pick out Defendant's mother from a line-up would have suggested that Defendant was not present at the incident, and if Defendant had been given the license plate number on a Jeep that allegedly belonged to one of the attackers, he would have been able to conduct a follow-up investigation and he could have shown that he was not present when the incident occurred. We previously pointed out that Defendant did not alert the district court that the late

disclosure of information by the State had any impact on his case or prejudiced him in any way. In response, Defendant does not suggest that he informed the district court that he considered the information to be exculpatory or that he explained to the district court why the information was exculpatory. We therefore hold that Defendant did not adequately alert the district court to the claim he now makes on appeal. *See Varela*, 1999-NMSC-045, ¶ 25.

In addition, it does not appear that evidence that the victim could not identify Defendant's mother from a line-up or the inability to track down a Jeep allegedly belonging to one of the attackers qualifies as exculpatory evidence. That evidence would not tend to show that Defendant was not present at the incident, particularly where the victim and another witness identified Defendant as one of the attackers present at the incident.

For the reasons discussed above and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

 

_____

**CYNTHIA A. FRY, Chief Judge**

 

_____

**LINDA M. VANZI, Judge**