734 P.2d 789

**STATE of New Mexico,
Plaintiff-Appellee,**

**v.**

**Roger GREYEYES,
Defendant-Appellant.**

**No. 9600.**

Court of Appeals of New Mexico.

Feb. 10, 1987.

Certiorari Denied March 23, 1987.

Hal Stratton, Atty. Gen., Anthony Tupler, Ass't. Atty. Gen., Santa Fe, for plaintiff-appellee.

George A. Harrison, Philip S. Lott, George A. Harrison, P.A., Farmington, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his conviction of driving while intoxicated, in violation of NMSA 1978, Section 66-8-102 (Cum.Supp.1986). On appeal, defendant raises six issues. We group the questions presented and discuss: (1) claims of error as to the admission of evidence; (2) denial of preliminary hearing; (3) sufficiency of the evidence; and (4) legality of sentence. We affirm defendant's conviction, but reverse as to the sentence imposed and remand for resentencing.

Defendant was arrested and charged with driving while intoxicated, following a single vehicle accident near Bloomfield, San Juan County, New Mexico, on January 18, 1986. An employee of the Hilltop Thriftway called the New Mexico State Police to report the incident. At approximately 9:25 a.m., Officer Noe Galvan was notified by police radio to investigate an accident at the Hilltop Thriftway Store. The radio call characterized the matter as a "10-44" with a "10-47." At trial, Officer Galvan testified to receiving the call directing him to the accident scene. He was then asked to relate the meaning of the specific codes contained in the radio dispatch he had received. Defendant objected on hearsay grounds. The state explained to the trial court that the definition of the code call was not offered for the truth of the matter asserted, but for the convenience of the jury in understanding why the officer was called to the scene. The officer was permitted to testify as to the meaning of the two codes, and stated that "10-44" refers to a vehicular accident without injuries, and "10-47" refers to a drunk driver.

Upon arriving at the scene, Officer Galvan parked his patrol car behind a brown pickup truck and observed the defendant and another man standing to the left of the truck. Officer Galvan approached the men and asked which of them was the owner of the vehicle. Defendant admitted that he was the owner. Galvan then proceeded to the front of the truck, observing that the front wheels were suspended and that the vehicle was "high centered" on a rail post. Defendant admitted, in response to an inquiry from the officer, that he had been driving the truck. The officer then asked defendant how the accident had occurred. Defendant stated that he had left the store, gotten into his vehicle, and driven straight into the railing. While questioning defendant, the officer noticed the smell of alcohol on his breath. Defendant, upon being asked whether he had been drinking, admitted that he had been drinking "all night." The officer then asked defendant to perform several field sobriety tests, and thereafter, Galvan concluded that defendant was intoxicated and placed him under arrest for driving while intoxicated. Officer Galvan did not actually ever observe defendant in the act of imbibing alcohol or operating the motor vehicle.

After his arrest, defendant was taken to the San Juan County Detention Center where an "Intoxalator" breath test was administered. Defendant's breath test indicated that he had a 0.18—0.19 blood alcohol level. Prior to trial, defendant moved for suppression of the breath test results, arguing that, since the officer had not personally observed the defendant drink alcohol or operate a motor vehicle, the officer had been without authority to arrest the defendant; the breath test was, therefore, excludable as the fruit of an illegal arrest. The trial court denied defendant's motion.

Defendant requested a preliminary hearing before trial, alleging that the charge of a second or subsequent DWI is a felony charge such that a preliminary hearing is required. The trial court also refused this request.

At trial, defendant objected to the admission of any of his oral statements to the officer prior to being placed under arrest. Over objection, the trial court permitted the officer to testify as to defendant's statements.

Following a jury trial, defendant was convicted of the charge of driving while intoxicated and sentenced to one year in

the custody of the Department of Corrections.

## I. EVIDENTIARY ISSUES

### (A) Questioning at Scene of Accident.

■ Defendant argues that his statements to Officer Galvan at the scene of the accident were taken in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as the officer's preliminary questions were in the nature of custodial interrogation. Defendant also argues that his motion to exclude portions of his testimony to the arresting officer should have been granted because he was not given the warnings required under *Miranda*.

The constitutional right of an accused person to be informed of his right to remain silent attaches once an investigation has reached an accusatory stage and has focused on the accused. *Miranda; State v. Tapia*, 81 N.M. 365, 467 P.2d 31 (Ct.App. 1970). The accusatory stage has been equated with being in custody, under indictment or being interrogated. *Miranda; State v. Tapia*. However, the right to the administration of *Miranda* warnings does not attach until an accused is in custody or deprived of freedom in some significant way. *State v. Swise*, 100 N.M. 256, 669 P.2d 732 (1983). General on-the-scene questioning or other general questioning of citizens in the fact-finding process is not considered custodial, and a person in these circumstances need not be informed of his rights before being questioned. The mere fact that police may have focused their investigation on a defendant at the time of the interview does not raise questioning to a level required to warrant *Miranda* warnings. *State v. Lopez*, 79 N.M. 282, 442 P.2d 594 (1968); *State v. Montano*, 95 N.M. 233, 620 P.2d 887 (Ct.App.1980); *See generally* Stelzner, *Criminal Procedure*, 12 N.M.L.Rev. 271, 295–297 (1982); Annot., 31 A.L.R.3d 565 (1970 & Supp.1986).

The facts of this case establish that, upon arriving at the scene, the investigating officer approached the only two individuals present to ask general investigatory questions. One of the two individuals was defendant, who voluntarily answered the officer's questions as to ownership of the vehicle and what had happened. Defendant argues that it is not unreasonable to assume that he was in custody after the arrival of the officer at the scene. We disagree. Nothing in the record of this case would suggest that the officer's initial questioning was anything more than purely investigatory. The questions did not occur in a custodial situation, hence defendant's rights under *Miranda* did not attach. The trial court properly refused to exclude defendant's answers. *See State v. Swise; State v. Montano*.

### (B) Statement of Police Dispatcher

■ Defendant argues that the trial court erred in admitting Officer Galvan's hearsay testimony concerning statements made by the police dispatcher when he directed the officer to the scene by radio message. The record shows that the officer gave the information as an explanation of the "ten code" radio messages he received from the dispatcher. The evidence was not admitted to show defendant's guilt, and the testimony was therefore not hearsay. *See* SCRA 1986, Rule 11–801(C).

### (C) Motion to Suppress

■ Defendant filed a pretrial motion to suppress the results of the breath test administered to him at the San Juan County Detention Center after his arrest. In support of his motion, defendant argued that his arrest had been unlawful in that the police officer had not observed defendant commit a misdemeanor. The trial court denied defendant's pretrial motion, and defendant again raises this issue on appeal.

The evidentiary fruits of an unlawful misdemeanor arrest are subject to a motion to suppress. *State v. Warren*, 103 N.M. 472, 709 P.2d 194 (Ct.App.1985). New Mexico recognizes the requirement that police officers may validly make misdemeanor arrests only where they have witnessed the offense committed. *Cave v. Cooley*, 48 N.M. 478, 152 P.2d 886 (1944); *State v. Warren*. Although it is uncontested in the case at bar that Officer Galvan did not personally see the defendant drink alcohol

or actually operate his pickup truck, nevertheless, the "in presence" requirement was satisfied here.

The purpose of the "in presence" requirement is to prevent warrantless arrests based on information from third parties. *State v. Lyon*, 103 N.M. 305, 706 P.2d 516 (Ct.App.1985). In *Boone v. State*, 105 N.M. 223, 731 P.2d 366 (1986), *aff'g in part and rev'g in part*, 24 SBB 1145 (Ct.App.1985), the New Mexico Supreme Court recognized that being in control of a vehicle was synonymous with driving the vehicle for purposes of the DWI statute. In the present case, defendant was in possession of his vehicle, admitted that he was the owner, had been drinking, and had driven the vehicle into the railing. These facts, coupled with the additional facts that defendant smelled of alcohol and failed field sobriety tests administered by the officer, were sufficient to make defendant's arrest valid. *Boone v. State*. The trial court correctly denied defendant's motion to suppress.

## II. PRELIMINARY HEARING

■ Defendant also contends that under N.M. Const. art. II, Section 14, he was deprived of his constitutional right to a preliminary hearing on the charge of driving while intoxicated. He further contends that, because he was not accorded a preliminary hearing, the district court lacked jurisdiction in the cause. We disagree. Defendant was not convicted of a felony, but a misdemeanor. NMSA 1978, §§ 66–8–7 and –102 (Cum.Supp.1986). *Cf. Boone v. State*, 105 N.M. 223, 731 P.2d 366; *State v. Peavler*, 88 N.M. 125, 537 P.2d 1387 (1975); *State v. Burk*, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971); *State v. Vasquez*, 80 N.M. 586, 458 P.2d 838 (Ct.App.1969). An accused has no right to a preliminary hearing on a misdemeanor charge. N.M. Const. art. II, § 14. The trial court therefore had no duty to conduct a preliminary hearing prior to trial. *See id.; State v. Vaughn*, 74 N.M. 365, 393 P.2d 711 (1964). An accused is either entitled to a preliminary hearing as a matter of law, or he is not entitled to one at all. *Williams v. Sanders*, 80 N.M. 619, 459 P.2d 145 (1969). Because the preliminary hearing requirement does not apply to the offense for which defendant was charged, there was no error in denying the request for the preliminary hearing.

## III. SUFFICIENCY OF THE EVIDENCE

■ Defendant challenges the sufficiency of the evidence supporting his conviction. In so doing, defendant relies heavily on the fact that there were no eyewitnesses to his actual drinking or driving of an automobile. However, there was sufficient circumstantial evidence presented at trial for the jury to infer, beyond a reasonable doubt, that defendant had been driving his vehicle while intoxicated. *Cf. State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977); *State v. Sanchez*, 98 N.M. 428, 649 P.2d 496 (Ct. App.1982). Defendant admitted to the investigating officer that he had been drinking "all night." Defendant further admitted leaving the liquor store and driving into the rail. Furthermore, the level of alcohol found in the defendant's blood could reasonably lead the jury to infer that defendant had been drinking for several hours prior to when the accident occurred. Officer Galvan testified that he smelled alcohol on defendant's breath and that defendant failed the field sobriety tests given at the scene. On appeal, we review the evidence in the light most favorable to the verdict, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict. *State v. Lucero*, 88 N.M. 441, 541 P.2d 430 (1975). Defendant's conviction of driving while intoxicated was supported by substantial evidence.

## IV. SENTENCE

■ Defendant was sentenced to serve a term of one year in the custody of the State Department of Corrections. At the sentencing hearing, evidence was presented indicating defendant had been convicted of several prior DWI charges.

Defendant was convicted of violating Section 66–8–102 of the Motor Vehicle Code. This section provides that where the conviction is for a second or subsequent DWI, the offense is punishable by impris-

onment for not less than ninety days nor more than one year. § 66–8–102(E).

In adopting the Criminal Sentencing Act, the legislature directed that determinate sentencing would replace indeterminate sentencing. Following defendant's conviction, the Act requires the court to impose a specific sentence in accordance with the degree of the offense involved. Since most of this state's statutes defining criminal offenses and their penalties prescribe both a minimum and maximum sentence, the Criminal Sentencing Act specifies that a definite sentence shall be imposed in lieu of a sentence prescribing a minimum and maximum period to be served. NMSA 1978, § 31–18–15 (Repl.Pamp.1981). *See also Definite Sentencing in New Mexico: The 1977 Criminal Sentencing Act,* 9 N.M.L.Rev. 131 (1978–79).

NMSA 1978, Section 31–18–13 (Repl. Pamp.1981), provides the method for establishing the applicable determinate sentence for offenses not contained in the Criminal Code. In *State v. Sparks,* 102 N.M. 317, 694 P.2d 1382 (Ct.App.1985), this court ruled that sentencing for offenses outside the Criminal Code is controlled by Section 31–18–13(B). *Id.* at 324–25, 694 P.2d at 1389–90. The state responds that the DWI statute is "special" legislation evincing a legislative intent to provide indeterminate sentencing, and should control over "general" legislation such as Section 31–18–13(B). The state cites legislative history in support of its position. The state's argument is not persuasive, and we vacate the sentence imposed, remanding for reimposition of sentence.

Section 31–18–13(B) provides in pertinent part:

Whenever a defendant is convicted of a crime under ... a statute not contained in the Criminal Code, which specifies the penalty to be imposed on *conviction, the court must set as a definite term of imprisonment the minimum term prescribed by such statute* ... and may impose the fine prescribed by such statute ... for the particular crime for which such person was convicted. [Emphasis added.]

This subsection was interpreted in *State v. Sparks,* wherein a defendant was convicted of nine counts of making false statements on tax returns (an offense not contained within the Criminal Code). The applicable statute provided for a sentencing range, and the defendant was sentenced to not less than six months nor more than three years on each count. This court found the sentence to be unauthorized under Section 31–18–13(B), holding that the trial court should have imposed the minimum sentence for each count. 102 N.M. at 325, 694 P.2d at 1390. *See State v. Muzio,* 105 N.M. 352, 732 P.2d 879 (Ct.App.1987).

The rationale in *Sparks* is controlling here. Section 66–8–102(E) provides that the sentence to be imposed for a "second or subsequent conviction ... shall be ... imprisonment for not less than ninety days nor more than one year or by a fine of not more than one thousand dollars ($1000), or both...." The minimum sentence applicable under Section 66–8–102(E) and the Criminal Sentencing Act is also the maximum sentence. *See* § 31–18–13. We are bound by the rules of statutory construction. Statutes are to be given effect as written and, where free from ambiguity, there is no room for construction. *State v. Elliott,* 89 N.M. 756, 557 P.2d 1105 (1977); *State v. McHorse,* 85 N.M. 753, 517 P.2d 75 (Ct.App.1973). We are guided by the New Mexico Supreme Court's decision in *Burch v. Foy,* 62 N.M. 219, 223, 308 P.2d 199, 202 (1957), in which the court stated:

A statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration.... Courts must take the act as they find it and construe it according to the plain meaning of the language employed.

It is the legislature's province and not the court's to enlarge the penalty for violation of an offense. *Perea v. Baca,* 94 N.M. 624, 614 P.2d 541 (1980). *See Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). Accordingly, we affirm defendant's convic-

tion, but vacate the sentence imposed. We direct that the case be remanded to the district court for resentencing and imposition of a sentence consistent with the provisions of Section 31–18–13(B) and this opinion. Any sentence of confinement is to be served in the county detention facility and not with the New Mexico Department of Corrections. *See* NMSA 1978, § 31–19–1(A) (Cum.Supp.1986).

IT IS SO ORDERED.

ALARID and FRUMAN, JJ., concur.