This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,177**

**BRIAN JUSTICE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals from his jury conviction for DWI and careless driving in metropolitan court. Defendant asserts the metropolitan court judge improperly denied his motion to suppress and challenges the sufficiency of the evidence. We issued a

calendar notice proposing to affirm and Defendant has filed a timely memorandum in opposition. We remain unpersuaded and affirm.

Officer Sedillo came upon Defendant when he responded to a dispatch call concerning a possible accident and reports of a driver doing "doughnuts." [RP 162; DS 1] Defendant was found standing alone, approximately three feet from the vehicle, holding a half-full bottle of beer. [RP 162; DS 1-2; MIO 7] The keys were still in the ignition of the running truck, and the truck's left front tire was damaged. [Id.] There were circular skid marks in the street as though someone had been doing doughnuts in the street. [DS 7; MIO7] An officer from the DWI unit, Officer Chavez, was called to the scene to take over the investigation. [DS 3]

Both officers testified Defendant admitted he had been drinking, and that Defendant had bloodshot, watery eyes, slurred speech, and an odor of alcoholic beverages. [DS 2, 3, 9; MIO 7, 9] Officer Chavez testified he asked Defendant if Defendant had any medical conditions which might hinder his performance on the standardized field sobriety tests (SFSTs). Upon Defendant apparently answering in the negative, Officer Chavez administered field sobriety tests. [DS 10]

Defendant apparently failed to satisfactorily perform on the field sobriety tests. [DS 10-13; RP 163-164; MIO 11] Thereafter, Defendant was arrested and taken to

the prisoner transport center, where he was given a breath test. [DS 11] The breath test result was 0.06/0.06. [DS 11; MIO 11]

Defendant was found guilty of DWI and careless driving by a jury in metropolitan court, after the metropolitan court judge denied Defendant's motion to suppress based on lack of probable cause to arrest. [DS 1; RP 159] Defendant appealed to the district court, which affirmed by memorandum opinion. [RP 158, 159]

In determining whether an officer had probable cause for an arrest, we look at the facts and circumstances within the officer's knowledge and determine whether they would cause a reasonable, cautious officer to believe that a criminal offense was being committed. *State v. Hawkins*, 1999-NMCA-126, ¶ 17, 128 N.M. 245, 991 P.2d 989. We will not disturb a trial court's denial of a motion to suppress on appeal if it is supported by substantial evidence, unless it appears that the determination was incorrectly premised. *State v. Jacobs*, 2000-NMSC-026, ¶ 34, 129 N.M. 448, 10 P.3d 127. We look to whether the law was correctly applied to the facts and review the evidence in the light most favorable to support the decision reached below, resolving all conflicts and indulging all inferences in support of that decision. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

Here, Defendant continues to argue insufficiency of the evidence to support arrest, asserting that Defendant had an underlying medical condition which would affect his performance on the field sobriety tests which the officer failed to take into account. [MIO 15]  We are unpersuaded.

First, we note, as did the district court, there is no evidence in the record to indicate Defendant actually suffers from Graves disease. [*See* RP 163] *State v. Garcia*, 83 N.M. 794, 795, 498 P.2d 681,682 (Ct. App. 1972) (explaining where the record does not establish a fact asserted by a defendant, the trial court's judgment is presumed to be correct).   While Defendant continues to insist he suffers from said condition and that he told the officers of that fact, he failed to introduce any evidence at trial that would support this contention.

Second, given Defendant's behavior, it was reasonable for the officers to believe Defendant committed the criminal offenses of DWI and careless driving. Defendant appears to have:  (1) admitted he was drinking; (2)  had bloodshot, watery eyes; (3) smelled of alcohol; (4) had an open bottle of beer in his hand; (5) had been involved in an accident; (6) admitted he had been doing doughnuts in the street; (7) admitted he had driven to his girlfriend's house; and, (8) failed the field sobriety tests.  [RP 162-164]

While Defendant challenges the validity of some of the testimony establishing these facts, the weighing of the officers' credibility is a matter for the fact finder, not a matter for the appellate court. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). Under these circumstances, we hold the officers' testimony established probable cause for Defendant's arrest. *See State v. Sanchez*, 2001-NMCA-109, ¶ 2, 131 N.M. 355, 36 P.3d 446 (holding that the officer had probable cause where the driver had bloodshot and watery eyes, smelled of alcohol, admitted drinking, and refused FST's thereby inferring a consciousness of guilt, but exhibited no erratic driving); *State v. Hernandez*, 95 N.M. 125, 126, 619 P.2d 570, 571 (Ct. App. 1980) (holding that the officer had probable cause to arrest the defendant for DWI after the officer observed the defendant driving, smelling of alcohol, and speaking with slurred speech). We therefore affirm the metropolitan court's denial of the motion to suppress.

Defendant also contends insufficient evidence supports the jury verdict. [MIO 18] We disagree and affirm.

"In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*,

2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. The appellate court must then make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. Even though contrary evidence or alternative explanations for the evidence might exist, the fact finder is free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998).

For a conviction of DWI, the State was required to prove Defendant was driving or otherwise in control of a vehicle while under the influence of alcohol for the DWI charge. NMSA 1978, Section 66-8-102(A) (2008). "[U]nder the influence" means the defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the defendant and the public. *Sanchez*, 2001-NMCA-109, ¶ 6.

Applying the standards described above, we must therefore determine whether the evidence, viewed in the light most favorable to the State, was sufficient to establish Defendant drove a motor vehicle while under the influence of alcohol.

We hold the officers' testimony that Defendant had admitted he had driven over to his girlfriend's house and that he knew he should not have been driving was sufficient to establish Defendant was driving or otherwise in control of a vehicle. *See, e.g.*, *State v. Greyeyes*, 105 N.M. 549, 552, 734 P.2d 789, 792 (Ct. App. 1987) (permitting a defendant's statements to be used to prove that he or she was the driver); *see also State v. Soliz*, 80 N.M. 297, 298, 454 P.2d 779, 780 (Ct. App. 1969) (noting that the testimony of a single witness is sufficient to support a conviction). With respect to the influence of alcohol on Defendant's driving ability, as previously discussed, the testimony established that Defendant: (1) admitted he was drinking; (2) had bloodshot, watery eyes; (3) smelled of alcohol; (4) had an open bottle of beer in his hand; (5) had been involved in an accident; (6) admitted he had been doing doughnuts in the street; (7) admitted he had driven to his girlfriend's house; and, (8) failed the field sobriety tests.

We hold that this evidence is sufficient to establish that Defendant was under the influence of alcohol. *See, e.g.*, *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding evidence that the defendant smelled of alcohol, had

slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated); *Greyeyes*, 105 N.M. at 552, 734 P.2d at 792 (upholding a conviction for DWI based on evidence that the defendant smelled of alcohol, failed field sobriety tests, and admitted drinking and driving into a rail); *City of Portales v. Shiplett*, 67 N.M. 308, 309, 355 P.2d 126, 126 (1960) (upholding a conviction for DWI based on the officer's testimony that the defendant smelled of alcohol, staggered when walking, and had difficulty using a telephone and talking). *See generally State v. Dutchover,* 85 N.M. 72, 73-74, 509 P.2d 264, 265-66 (Ct. App. 1973) (observing that DWI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree).

We decline Defendant's invitation to address the admissibility of the testimony about probabilities based on SFSTs, as this issue was not preserved at trial. [MIO 19] On appeal, the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error, neither of which have been argued by Defendant. *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431.

As to Defendant's conviction for careless driving, it appears this issue may have been abandoned by Defendant in his memorandum in opposition. Regardless, the

jury instructions for NMSA 1978, Section 66-8-114 (1978) require the State prove Defendant operated the motor vehicle on a highway in a careless, inattentive or imprudent manner without due regard for the width, grade, curves, corners, traffic, weather, road conditions and all other attendant circumstances. UJI 14-4505 NMRA. We hold the officers' testimony regarding Defendant's admissions that he had been driving and that he had been doing doughnuts, coupled with the damaged tire and skid marks on the curb, were sufficient to support a finding of guilt.

**CONCLUSION**

Accordingly, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**ROBERT E. ROBLES, Judge**

9