This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 30,717**

**RODNEY ARMENTA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Victor A. Titus
Farmington, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant-Appellant Rodney Armenta (Defendant) appeals his conviction for aggravated driving while under the influence (DWI). We issued a notice of proposed

summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

In his memorandum in opposition, Defendant continues to argue that he was arrested without probable cause. [MIO 2-9]

As we explained at greater length in the notice of proposed summary disposition, numerous facts and circumstances were present in this case which supported the arrest. These included Defendant's involvement in a head-on collision, bloodshot watery eyes, odor of alcohol, and admission to drinking before driving. [DS 2-3; CN3]

In his memorandum in opposition Defendant appears to contend that these factors should not be taken into consideration, because at a subjective level the arresting officer did not rely on them. [MIO 4-5] However, the officer's subjective state of mind is immaterial. "Whether a violation of the guarantee against unreasonable search and seizure has occurred depends upon an *objective* assessment of a police officer's actions based on all the facts confronting the officer, not on the officer's actual state of mind." *State v. Vargas*, 120 N.M. 416, 418, 902 P.2d 571, 573 (Ct. App. 1995) (emphasis added). "The absence of a subjective recognition of specific suspicious factors, then, cannot defeat an officer's objectively reasonable

action." *Id.*

Defendant further argues that the arrest was improper because the officer's actions were based on her erroneous subjective belief that arrest was an essential prerequisite to the administration of a blood draw pursuant to the Implied Consent Act. [MIO 5, 8] Once again, however, Defendant misapprehends the applicable standard. "It is irrelevant that this particular officer may have been confused about the requirements of the Implied Consent Act." *State v. Sanchez*, 2001-NMCA-109, ¶ 11, 131 N.M. 355, 36 P.3d 446. "Probable cause is measured by an objective, rather than a subjective, standard; therefore, if the circumstances observed by [the arresting officer] would have provided a reasonable officer with probable cause to take Defendant into . . . custody under the law . . . we may uphold the seizure notwithstanding [the officer's] subjective reliance on [a mistake of law]." *State v. Phillips*, 2009-NMCA-021, ¶ 22, 145 N.M. 615, 203 P.3d 146.

Furthermore, we observe that ample authority exists to support the officer's apparent belief that an arrest was required prior to proceeding with a blood draw pursuant to the Implied Consent Act. In this regard, NMSA 1978, Section 66-8-107(A) (1993) specifically provides that "[a]ny person who operates a motor vehicle within this state shall be deemed to have given consent . . . to chemical tests of his . . . blood . . . *if arrested* for any offense arising out of the acts alleged to have been

committed while the person was driving a motor vehicle while under the influence of an intoxicating liquor or drug." (emphasis added). Our published case law provides further clear support for this proposition. *See State v. Richerson*, 87 N.M. 437, 439-40, 535 P.2d 644, 646-47 (Ct. App. 1975) (holding that arrest is an essential introductory step before there can be a blood test under the Implied Consent Act). As a result, it appears that it is Defendant, rather than the arresting officer, who labors under a misapprehension as to the law.

Finally, Defendant contends that there were "no indicia of intoxication" prior to the arrest and ensuing blood test. [MIO 8] In this regard, he urges that certain Colorado cases merit closer consideration. [MIO 6-8] However, applying New Mexico cases, it is clear that Defendant's involvement in a collision, odor of alcohol, bloodshot watery eyes, and admission to drinking all constitute indicia of intoxication. *See, e.g.*, *Sanchez*, 2001-NMCA-109, ¶ 8 (identifying odor of alcohol, bloodshot watery eyes, and admission to drinking as factors which may validly be taken into account in assessing probable cause to arrest for DWI); *State v. Greyeyes*, 105 N.M. 549, 551-52, 734 P.2d 789, 791-92 (Ct. App. 1987) (observing that the defendant's involvement in an accident, together with admission to drinking, and an odor of alcohol, were factors which supported the validity of an arrest for DWI). We remain of the opinion that these factors adequately supported Defendant's arrest. To the

4

extent that Defendant urges the Court to conclude otherwise based on Colorado law, we decline the invitation.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, Defendant's conviction is affirmed.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**