This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                          **NO. 30,301**

**ELI GERMAN FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Trace L. Rabern
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

## I.    Introduction

Convicted by a jury of three counts of homicide by vehicle and one count of great bodily injury by vehicle, Defendant appeals. Because this is a memorandum opinion and the parties are familiar with the procedural and factual background, we discuss only pertinent facts within the analysis of the issues. Concluding that no reversible error was committed, we affirm.

## II.    The Evidence Is Sufficient to Support the Guilty Verdicts of Homicide by Vehicle Due to Reckless Driving

Defendant argues that the evidence only proved that Defendant was speeding or careless driving and is therefore insufficient, as a matter of law, to prove vehicular homicide by reckless driving. We disagree.

When reviewing a claim of insufficiency of the evidence, we determine whether substantial evidence, either direct or circumstantial, will support a verdict of guilt beyond a reasonable doubt with respect to every element essential of the crime. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). On appeal, we do not weigh the evidence or substitute our judgment for that of the jury as long as there is sufficient evidence to support the verdict. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized in Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Further, when reviewing whether the evidence is sufficient to support a conviction, we resolve all disputed facts in favor of the verdict, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary. *Id.* We then determine as a matter of law "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Apodaca*, 118 N.M. at 766, 887 P.2d at 760 (internal quotation marks and citation omitted).

NMSA 1978, Section 66-8-101(C) (2004), sets forth the elements of homicide and great bodily harm by vehicle as follows:

> A person who commits homicide by vehicle or great bodily harm by vehicle while under the influence of intoxicating liquor or while under the influence of any drug or while violating Section 66-8-113 NMSA 1978 is guilty of a third degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15 NMSA 1978, **provided that violation of speeding laws as set forth in the Motor Vehicle Code [66-1-1 NMSA 1978] shall not per se be a basis for violation of Section 66-8-113 NMSA 1978.**

(Emphasis added.) In this case, we are concerned with homicide by vehicle while driving in a reckless manner because NMSA 1978, Section 66-8-113 (1987), defines reckless driving. Section 66-8-113(A) states: "Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so

3

as to endanger or be likely to endanger any person or property is guilty of reckless driving."

The jury was instructed on the elements of homicide by vehicle while operating a motor vehicle in a reckless manner as defined in UJI 14-241 NMRA. In Instruction No. 9, the jury was also instructed, "For you to find that the defendant operated a motor vehicle in a reckless manner, you must find that the defendant drove with willful disregard of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person." This is the instruction on reckless driving prescribed by UJI 14-241.

In contrast to the foregoing elements of homicide by vehicle, the statutory elements of careless driving are the following:

> A. Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle.
>
> B. Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor.

NMSA 1978, § 66-8-114 (1978).

Viewed in the light required under our standard of review, the evidence presented was that a permanent speed limit sign changed the speed limit from seventy-five miles per hour to sixty-five miles per hour on the interstate approaching Deming,

4

and a series of six temporary highway department signs further reduced the speed limit down to forty-five miles per hour as one approached the construction zone where the accident occurred. In the construction zone there was a blinking arrow board and cones closing the right lane and directing the traffic to the left lane. The accident itself occurred while Defendant was driving the fully loaded 18-wheeler truck seventy to seventy-five miles per hour in the clearly marked construction zone where the speed limit was clearly posted at forty-five miles per hour. Prior to the crash site, a sign on the road indicated that the right lane ends. Further, Defendant was not merely speeding in the construction zone, Defendant failed to pay attention to traffic or to maintain a safe distance from the vehicles in front of him. Defendant admitted this was important and was evidenced by his inability to avoid the crash when the victims' vehicles had already reduced their speed in front of him to thirty-five to forty miles per hour to exit the interstate. In fact, there was evidence that Defendant did not know how fast he was going at the time of the impact, Defendant was not aware that he ran over the motorcycle until he discovered it after the crash, and that Defendant did not even see the victims' Tahoe in front of him before he hit it. There was no evidence of dynamic braking by Defendant, indicating that Defendant did not hit his brakes hard before or after hitting the motorcycle or the Tahoe.

We conclude that the foregoing evidence and inferences from that evidence are sufficient for a jury to conclude that Defendant was driving recklessly at the time of the accident; specifically, that he "drove with willful disregard of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person" as required by Instruction No. 9.

Defendant asserts that no New Mexico case has determined that inattention and speed without the element of intoxication was sufficient to uphold a homicide by vehicle conviction. However, the plain language of Section 66-8-101(C) does not limit the offense of homicide by vehicle to reckless driving while intoxicated. Speeding which is accompanied by other conduct that is sufficient to constitute reckless driving is sufficient. *See State v. Simpson*, 116 N.M. 768, 773, 867 P.2d 1150, 1155 (1993) (concluding that the jury was properly instructed that it could not convict based on speeding alone where the jury instruction that stated that in addition to speeding, it had to find that the defendant "drove with willful disregard of the rights or safety of others").

We conclude that sufficient evidence was presented for the jury to find that Defendant drove recklessly and not that he was merely speeding or driving carelessly.

**III. Jury Instruction Issues**

6

Defendant argues that the jury instructions were flawed in that: (1) the jury instructions did not correctly define the intent required for homicide by vehicle, (2) the jury should have been given an instruction on proximate cause, and (3) there was no instruction on the lesser-included offense of careless driving.

The record on appeal does not indicate that Defendant preserved errors in the instructions for review by objecting or tendering alternative curative instructions. *See* Rule 1-051(I) NMRA; *see State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("There is a presumption of correctness in the district court's rulings. Accordingly, it is Defendant's burden on appeal to demonstrate any claimed error below." (alterations, internal quotation marks, and citation omitted)). Thus, we review Defendant's arguments only for fundamental error. *See State v. Mascarenas*, 2000-NMSC-017, ¶ 7, 129 N.M. 230, 4 P.3d 1221.

"The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Reed*, 2005-NMSC-031, ¶ 52, 138 N.M. 365, 120 P.3d 447. "Error that is fundamental must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *Id.* (internal quotation marks and citation omitted). In determining whether failure to give a jury instruction constitutes fundamental error, we evaluate under the same standard

as reversible error:  whether the instructions as a whole would have confused or misdirected a reasonable juror.  *See State v. Gee*, 2004-NMCA-042, ¶ 8, 135 N.M. 408, 89 P.3d 80.  If we determine that the jury instructions confused or misdirected the jury, we then take the next step in fundamental error review by reviewing "the entire record, placing the jury instructions in the context of the individual facts and circumstances of the case, to determine whether the [d]efendant's conviction was the result of a plain miscarriage of justice." *See State v. Barber*, 2004-NMSC-019, ¶ 19, 135 N.M. 621, 92 P.3d 633 (internal quotation marks and citation omitted).

**A.      Failure to Adequately Define the Intent Required for Homicide by Vehicle**

Defendant argues that the court failed to properly instruct the jury regarding the intent required for criminal negligence.  Generally, the failure to instruct on a definition or amplification of an essential element does not rise to the level of fundamental error. *Id.* ¶ 20.  However, it is ordinarily fundamental error when the court fails to instruct the jury on an essential element, as opposed to a definition. *Id.* Defendant asserts that there was a failure to instruct on the requisite knowledge for willful disregard, which  potentially confused the jury on what constitutes criminal negligence, and that this constituted a failure to instruct on an essential element of the crime.

Defendant cites *Mascarenas*, where the Court held that an instruction which failed to properly define reckless disregard and could have caused the jury to criminalize careless conduct constituted fundamental error. 2000-NMSC-017, ¶¶ 12-13. However, unlike the child abuse statute at issue in *Mascarenas*, the mens rea element for homicide by reckless driving requires "a mental state of conscious wrongdoing . . . requir[ing] only that a defendant purposefully engage in an unlawful act." *State v. Marquez*, 2010-NMCA-064, ¶ 12, 148 N.M. 511, 238 P.3d 880 (internal quotation marks and citations omitted), *cert. quashed*, 2010-NMCERT-006, 148 N.M. 584, 241 P.3d 182. Here, the jury was instructed on general criminal intent, which we have determined sufficiently defines the "conscious wrongdoing" state of mind for the jury. *State v. Sheets*, 94 N.M. 356, 366, 610 P.2d 760, 770 (Ct. App. 1980) (stating that the district court did not err in refusing tendered instructions on willfulness and conscious wrongdoing because the general criminal intent instruction given adequately defined these terms in a criminal securities prosecution), *modified on other grounds by White v. Solomon*, 105 N.M. 366, 732 P.2d 1389(Ct. App. 1986).

Defendant further argues that giving the general intent instruction injected a misdemeanor/manslaughter theory into the case and improperly allowed a conviction for mere civil negligence. Defendant overlooks the fact that reckless driving, which the jury was required to find, requires driving "carelessly and heedlessly **in willful or wanton disregard** of the rights or safety of others and without due caution and

9

circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." Section 66-8-113(A) (emphasis added). In accordance with the statute, Instruction No. 9 told the jury that in order to find that Defendant drove recklessly, it had to find Defendant drove "with **willful disregard** of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person." (Emphasis added.) "When the statute sets forth the requisite intent, instructions in the language of the statute sufficiently instruct on the required intent." *State v. Gonzales*, 86 N.M. 556, 557, 525 P.2d 916, 917 (Ct. App. 1974), *overruled on other grounds by State v. Bender*, 91 N.M. 670, 671, 579 P.2d 796, 797 (1978). The jury was properly instructed in the intent required to commit homicide by vehicle by driving recklessly, and the general intent instruction did not detract from this necessary finding.

**B.    Failure to Instruct as to Proximate Cause**

An instruction on proximate cause must be given if there is an issue of causation in the case. *See* UJI 14-134 NMRA Use Note 1. However, failing to give the proximate cause instruction where causation is at issue does not automatically constitute fundamental error where the defendant has failed to preserve the issue. *See State v. Stephens*, 93 N.M. 458, 462, 601 P.2d 428, 432 (1979), *overruled on other grounds by State v. Contreras*, 120 N.M. 486, 491, 903 P.2d 228, 233 (1995).

Further, the parties did not dispute at trial whether Defendant's actions caused the actual accident, but whether they rose to the required level of recklessness. Thus, the failure to give a proximate cause instruction was not fundamental error.

**C.      Instruction on the Lesser-Included Offense of Careless Driving**

Defendant's final jury instruction argument is that failure to instruct the jury on the lesser-included offense of careless driving constituted fundamental error. We disagree.

Defendant's counsel made the following argument during his closing statement: "Was it careless? Was he negligent? Yes. But if you find he was careless and negligent in this accident, then the law says you must acquit him because that does not rise to the level of recklessness." We have repeatedly held that a defendant is not entitled to complain on appeal after he has made a tactical decision not to seek an instruction on a lesser-included offense. *See State v. Boeglin*, 105 N.M. 247, 249-50, 731 P.2d 943, 945-46 (1987). "[T]he defendant is free to make strategic choices regarding the manner in which he will or will not avail himself of procedural safeguards afforded by the law, and he generally will be bound by those choices." *Id.* at 251, 731 P.2d at 947.

In *Boeglin*, the defendant waived a lesser-included second degree murder instruction to which he was entitled even though he was instructed by both his counsel and the court on the record that his decision would put the jury in the position of

finding him guilty of first degree murder or acquitting him completely. *Id.* at 249, 731 P.2d at 945. The defendant was convicted of first degree murder, and appealed, arguing that the district court was required to give the instruction sua sponte in spite of his waiver, because the failure to give the instruction deprived him of a fair trial. *Id.* The Court concluded that the district court was not required to give the instruction sua sponte, because the defendant's right to the lesser-included offense instruction was not a fundamental right, and the conviction was affirmed. *Id.* at 250, 731 P.2d at 946.

Here, we have no record on appeal of whether a careless driving instruction was requested or voluntarily waived by Defendant. However, based on Defendant's counsel's statement in closing argument encouraging acquittal if the jury did not find reckless driving, and the inadequate record of a requested jury instruction on careless driving, it appears that Defendant made a tactical decision to go for "all or nothing" on the reckless driving charge and did not request the instruction. *See Rojo*, 1999-NMSC-001, ¶ 53 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment." (alteration in original) (internal quotation marks and citation omitted)); *State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 (determining that the state and the defendant's choice to not request instructions on a lesser-included offense of attempt represented the pursuit of an "all-or-nothing trial strategy," and stating that "[o]n appeal, we do not second-guess the tactical decisions

12

of litigants . . . . [and] both parties are entitled to the benefits and should be liable for the risks of their respective trial strategies"). Thus, based on *Boeglin*, if this was a tactical decision by Defendant, the absence of the lesser-included instruction is not fundamental error. *See Boeglin*, 105 N.M. at 249-50, 731 P.2d at 945-46.

Furthermore, Defendant has failed to establish that the failure to give the instruction rose to the level of fundamental error even if it was not a tactical decision. Assuming Defendant was entitled to the instruction, Defendant has failed to show how the absence of the careless driving instruction at trial rose to the level of fundamental error by confusing or misdirecting the jury resulting in a plain miscarriage of justice. *See id.* at 250, 731 P.2d at 946 (determining that failure to give a lesser-included instruction was not fundamental error). The jury was entitled to acquit Defendant if it found that his conduct did not meet the elements of the homicide by vehicle statute, and the failure to have the instruction on the lesser-included offense did not preclude the jury from making this determination. Thus, the failure to instruct as to the lesser-included instruction was not fundamental error.

**IV.  *Miranda* Issues**

Defendant argues that the district court erred in denying his motion to suppress statements he made at the scene of the accident because he was not given *Miranda* warnings. *See Miranda v. Ariz.*, 384 U.S. 436, 479 (1966). Law enforcement officers are required to give *Miranda* warnings when a suspect is subject to a "custodial

interrogation." *State v. Nieto*, 2000-NMSC-031, ¶ 20, 129 N.M. 688, 12 P.3d 442. However, *Miranda* warnings are not required for non-custodial interrogations. *Id.*

To determine whether a person is in custody for *Miranda* purposes, "the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint of freedom of movement of the degree associated with a formal arrest." *State v. Wilson*, 2007-NMCA-111, ¶ 23, 142 N.M. 737, 169 P.3d 1184 (internal quotation marks and citation omitted). Factors considered by the court in determining whether an interrogation is custodial include: "the purpose, place, and length of interrogation[,] the extent to which the defendant is confronted with evidence of guilt, the physical surroundings of the interrogation, the duration of the detention, and the degree of pressure applied to the defendant." *State v. Olivas*, 2011-NMCA-030, ¶ 10, 149 N.M. 498, 252 P.3d 722 (alteration in original) (internal quotation marks and citation omitted), *cert. denied*, 2011-NMCERT-003, 150 N.M. 619, 264 P.3d 520.

The district court denied Defendant's motion to suppress on the grounds that the officers were acting within the scope of their duties in investigating the scene of an accident. On appeal from a district court's ruling on a motion to suppress, we review findings of fact to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo. *State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171.

14

The relevant facts are as follows. Officer Gonzales testified that he approached Defendant at the scene of the accident, where Defendant told him that he had been traveling between seventy to seventy-five miles per hour. Officer Gonzales testified that Defendant was not arrested, handcuffed, or told he could not leave at anytime during the investigation on the scene, but that in fact, Defendant was not entitled to leave the scene of the accident. The time that Defendant was present at the scene after the accident, during which the relevant questioning occurred, was around thirty minutes. Multiple officers were present at the scene including state police, sheriff's deputies, Deming Police Department officers, and the brand inspector.

In general, roadside questioning by police in a traffic stop is not a custodial interrogation for purposes of *Miranda*, in spite of the fact that the individual questioned is not entitled to leave. *See State v. Javier M.*, 2001-NMSC-030, ¶ 19, 131 N.M. 1, 33 P.3d 1; *State v. Sanchez*, 2001-NMCA-109, ¶ 22, 131 N.M. 355, 36 P.3d 446. Defendant cites *State v. Snell* in support of his proposition that he was the subject of a custodial investigation under these circumstances. 2007-NMCA-113, 142 N.M. 452, 166 P.3d 1106. In *Snell*, this Court affirmed the district court's suppression of a defendant's statements to police officers at the scene of a traffic accident. *Id.* ¶ 11. The defendant in *Snell* was subject to a custodial interrogation because he was placed in the back of a locked police car when he was questioned. *Id.* ¶ 16. On the other hand, in *State v. Greyeyes*, we determined that an officer's questioning of two

15

individuals present at the scene of a one-car accident was not a custodial interrogation, as nothing in the record in that case indicated that the questioning was "anything more than purely investigatory." 105 N.M. 549, 551, 734 P.2d 789, 791 (Ct. App. 1987).

Defendant argues that because the accident was clearly the scene of a homicide, the officers' investigation was directly intended to elicit incriminating statements, thereby making the interrogation custodial. We do not agree. While it was clear to officers that individuals had been killed, this does not mean of itself that the accident was the scene of a homicide. Further, "[t]he mere fact that police may have focused their investigation on a defendant at the time of the interview does not raise questioning to a level required to warrant *Miranda* warnings." *Id.* at 551, 734 P.2d at 791. There, the evidence reflects that the officers were gathering information from the individuals involved in the accident, which we stated was non-custodial in *Greyeyes*. Further, Defendant was not physically restricted or coerced while answering questions, distinguishing this case from *Snell*. The questioning lasted around thirty minutes, and although Defendant was not actually free to leave the scene of the accident, he was not told that he could not leave, and his movement was not restricted. *See Wilson*, 2007-NMCA-111, ¶ 22 (noting that freedom to leave is relevant to the determination, but not the ultimate factor in determining if a suspect is in custody).

The record does not evidence anything more than investigatory actions by the officers, and no evidence was presented that Defendant was physically restrained or confined during the questioning. We therefore determine that under these facts, Defendant was not subject to a custodial interrogation requiring the giving of his *Miranda* rights. Thus, the district court did not err in denying the motion to suppress the statements Defendant made to the officers at the scene.

**V.    Denial of Counsel of Choice**

Defendant argues that his trucking company refused to provide him an attorney, thereby denying him counsel of his choice because he had to use public defender representation. On appeal, Defendant does not establish that his employer was required to pay for litigation costs, only that the employer "may" have had a duty to do so. Defendant did not raise this issue below, so we review only for fundamental error. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that we do not review issues not preserved in the district court unless they constitute fundamental error).

To establish a violation of the Sixth Amendment the violation must be committed by a "state agent." *See generally State v. Gamlen*, 2009-NMCA-073, ¶ 9, 146 N.M. 668, 213 P.3d 818 (assuming without deciding that an Albuquerque Police Department officer was a state agent for purposes of the Sixth Amendment right to counsel of choice). Defendant has not persuaded us on appeal that his private

17

company's decision to withhold financial resources for his defense constitutes state action for purposes of violation of the Sixth Amendment. In addition, Defendant cites no case law entitling this Court to reverse a jury verdict on the grounds that Defendant's employer failed to provide him the counsel of his choice by refusing to pay for his litigation costs when Defendant could not afford to hire counsel on his own. We therefore decline to reverse on these grounds.

**VI.    Conclusion**

The judgment and sentence is affirmed.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**



_____
**CELIA FOY CASTILLO, Chief Judge**



_____
**MICHAEL D. BUSTAMANTE, Judge**